WILLIAMS *vs.* DUER.

.APPEAL FROM THE COURT OF THE THIRD DISTRICT, FOR THE PARISH OF EAST BATON ROUGE, JUDGE JOHNSON, THE JUDGE OF THE DISTRICT, PRESIDING.

The plaintiff, in obtaining an order of seizure and sale against the mortgaged premises, acquires a *lien* on the growing crop from the moment of notification of the order of seizure to the defendant; and he may obtain a writ of sequestration against the crop during the pendency of a suspensive appeal from the order of seizure and sale, and in the absence of any principal demand before the court, at the time of granting the sequestration.

A mortgaged creditor is entitled to a writ of sequestration against the mortgaged property, whenever he apprehends it will be removed out of the state, before he can have the benefit of his mortgage; and in such cases, a writ of sequestration can be granted in the absence of a principal demand, pending before the court granting it. .

The plaintiff, in this case, obtained an order of seizure and sale against a plantation and slaves, known as the Arlington Place, the 20th May, 1839, for one instalment of the price. The present defendant made opposition, and obtained an injunction staying all proceedings on said order. At the June term of the District Court following, the injunction was dissolved, and the defendant took a suspensive appeal to the Supreme Court. On the 14th September following,

and pending the appeal, the plaintiff applied for and obtained writs of sequestration and injunction, and had the crops growing on said plantation (part of which was gathered) sequestered, and the defendants enjoined from selling it, and on which the plaintiff claimed a privilege or lien for the payment of the price which remains unpaid.

The defendant opposed the sequestration on several grounds, but, more especially, that the writ illegally and wrongfully issued, there being no suit pending, in which said writ could legally issue.

Upon this issue, the district judge considered the case. He was of opinion, that as there was no suit pending before his court to recover any thing, no action of the court could be had in the matter; that the judgment in the suit appealed from, gave no lien on the crop, nor was any privilege or lien prayed for in the original suit. There was judgment, setting aside the writ of sequestration and injunction, and the plaintiff appealed.

*R. N.* and *A. N. Ogden,* for the plaintiff.

*Morgan* and *Elam,* for defendant.

*Simon, J.,* delivered the opinion of the court.

The plaintiff is appellant from a judgment of the District Court, dismissing and setting aside writs of sequestration and injunction, heretofore granted in his favor.

From the facts of the case, it appears that on the 20th of May, 1839, the plaintiff obtained from the district judge an order of seizure and sale of considerable property, consisting of a large plantation and a great number of slaves, by him sold to the defendant, and on which he had the vendor's mortgage and special privilege, to secure the price thereof; that on the 25th of the same month, (the writ having issued on the 22d) the order of seizure and sale was regularly notified to the defendant; and that on the 30th following, before the writ could legally be levied on the property mortgaged, the defendant obtained an injunction, staying all

proceedings, which injunction was served on the 3d of June. It appears further, that the merits of the injunction were tried before the District Court, on the first of July ensuing, and that a judgment was rendered in favor of the plaintiff, setting aside the injunction, and declaring the order of seizure and sale, executory, &c. &c. ; from which judgment the defendant took a suspensive appeal. The appeal bond is dated the 5th of July, 1839, and was given for the sum of eighteen thousand dollars, sufficient to cover the instalment due at the time of the issuing of the writ. It is also to be noticed, that at the time the order of seizure was granted, 'only one of the instalments had expired ; that eight other instalments, to a very large amount, were to become due afterwards, and that the property mortgaged, though to be seized and sold for the whole debt, was to be sold for cash only, to the amount actually due ; the balance to be paid according to the terms of credit granted by the original contract. A crop of cotton was then growing on the land subject to the mortgage.

On the 24th of September, 1839, the plaintiff, fearing that the defendant would remove, or dispose, to his prejudice, of the said crop of cotton, which was about being gathered, and a part of which had been already gathered ; and, conceiving that he had a lien on said crop, applied to the District Court for writs of sequestration and injunction, which were granted ; and on a written motion, made by defendant's counsel, to dismiss and set aside said writs, the district judge was of opinion, that they had illegally issued, and accordingly rescinded and set aside the sequestration, and dissolved the injunction. From this judgment, the plaintiff appealed.

The plaintiff's object, as he alleges, is to protect his rights on the property ordered to be seized, and preserve them in the same situation in which they were at the time of the notification of the seizure ; and he avers, that having then a lien on the crop, resulting not only from the .mortgage, but also from the said notification, the defendant cannot be allowed to deprive him of it, under the shield, and by the effect of his injunction, and of his suspensive appeal. He further contends, that a writ of sequestration is merely a conservatory

Eastern Dist.
*March*, 1840.

WILLIAMS
*vs.*
DUER.

Eastern Dist.
March, 1840.

WILLIAMS
vs.
DUER.

and provisional proceeding, granted by law at any stage of a suit, to secure the exercise of legal rights previously existing, and that the District Court cannot refuse to order the preservation of the thing in dispute, in another suit, even though the principal suit be pending before the appellate court.

The defendant, on the other hand, urges, that the plaintiff had or has no lien on the crop sequestered; that no such demand was made by plaintiff, in his petition for an order of seizure and sale ; that no such right was recognized by the judgment dissolving the first injunction, and that none such ever resulted from the mortgage, or from the simple notification of the order of seizure. He further avers, in his written motion, that the writs issued illegally, as there was then no suit pending on or in which said writs could legally issue.

From these issues, two principal questions are submitted to our consideration :

1. Did the plaintiff acquire a lien on the crop growing on the land subject to be seized and sold, by the mere effect of the notification of the seizure to the debtor ?

2. Could writs of sequestration and injunction properly issue, in the absence of the pendency of any principal demand before the court to whom the application was made ? and could said writs be granted, whilst the principal demand is pending before the Supreme Court ?

I. According to the provisions of our Code, article 3245, mortgage is defined to be " *a right granted to the creditor over the property of his debtor, for the security of his debt ; and gives him the power of having the property seized and sold, in default of payment.*" The conventional mortgage, once established on an immoveable, includes all the improvements which it may afterwards receive. Article 3278. Under the article 456, " standing crops are likewise immoveable, and are considered as part of the land to which they are attached ;" and by article 457, " *the fruits of an immoveable, produced since it was* UNDER SEIZURE, *are considered as making part thereof, and inure to the benefit of the person making the seizure.*" If

the property mortgaged is in the hands of a third possessor, "*the fruits of the property mortgaged are due by the third possessor, only from the time when the order of seizure was served on him,*" &c. From all these articles, it appears to us to result, that the object of the law has been to allow a lien in favor of the creditor, on the crop standing on the property mortgaged, from the time that, exercising his right of action and having obtained a judgment of an order of seizure, he has brought home to his debtor, by a regular notice, the fact of his being about proceeding to the seizure and sale of the property. Yet it is urged, however, that the *article* 457, only gives the lien when the property mortgaged is *under actual seizure,* and that, therefore, there must have been a levy of the writ issued, which fact does not exist in this case. Was the property mortgaged in the hands of a third possessor, there would be no doubt as to the right; *Article* 3371. And we are unable to perceive, why the principal debtor should be more favored by the law, when his own debt is to be satisfied, than an innocent third possessor, who, perhaps, at the time of his purchase, was unaware of the existence of the mortgage. It seems to us easy to reconcile the articles of our code, so as to place the principal debtor and the third possessor at least on an equal footing. The expressions of the article 457, are : "*The fruits produced since the property was under seizure,*" and as the interpretation which we are disposed to give to that article, appears to us to be more concordant with justice and equity, we understand its letter to mean, that the lien on the fruits is allowed by law, whenever the creditor, after due notification made to the debtor, has acted so far on his action of mortgage, as to put the property under the order of seizure of a court of justice, and under the control of the law. Should a contrary interpretation be adopted, it would deprive the creditor of one of his principal rights, and the object of the law would rarely be attained, as it would be easy and always convenient to a debtor in bad faith to obtain an injunction after notification of the seizure, and previous to its being levied, and thereby to reap and enjoy the fruits of the property mortgaged, to the prejudice

EASTERN DIST. of his creditor. This our laws cannot have permitted. The
*March*, 1840. circumstance of the debtor's giving an injunction bond and
a bond of appeal, does not appear to us to be a sufficient or
satisfactory remedy ; because, they not only become a subject
of new litigation, but, as in the present case, in which a part
of the debt only was due, they cannot cover the losses or
damages which the creditor may suffer, in case the naked
property is insufficient to satisfy the whole debt ; and there
are cases, particularly with regard to executory process, in
which no bond is required for obtaining an injunction.

WILLIAMS
*vs.*
DUER.

We are confirmed in our opinion, by several French
commentators, who have written upon articles of the
Napoleon Code, very similar to those of our code, and from
which our laws on the subject of mortgage, are principally
derived. *Troplong, Hypothèque, vol. 2, No. 404,* says : *" Les
fruits pendant par racines sont immeubles.    Ils sont donc frappés
de l'hypothèque, tant qu'ils sont attachés au sol hypothèqué ; mais
aussitôt qu'ils sont récoltés, ils deviennent meubles et échappent à
l'hypothèque.    Ibid.,* page 30, and page 403, No. 551 ; *Ibid.,*
vol. 3, page 360, No. 777, establishes the principle, that the
mortgage creditors have their mortgage or lien on the fruits,
*" le commandement à fin de saisie."* See also, page 366 ;
and at the page 368, No. 778, he says : *" Si l'hypothèque se
met en mouvement, ou arrive à des résultats différens.   L'action
hypothècaire immobilise les fruits, lorsqu'elle se dirige contre en
tiers détenteur.    Elle les immobilise également lorsqu'elle saisit
entre les main du debiteur la chose hypothequée.    On doit donc
décider que les fruits échus depuis denonciation de la saisie n'ap
partiennent plus a l'antichrèsiste et qu'ils viennent augmenteur le
gage hypothècaire.    Car en principe général, c'est de ce moment
que les fruits sont immobilisés, &c., &c., et les fruits font des lors
partie du fonds et tombent sous le coup de l'hypothèque."* It is
true, that, in this case, there is no prayer in the plaintiff's
petition for an order of seizure, that the crop then growing,
should be sold with the land ; but it appears to us to have
been useless ; the crop was then very small, and being a
part of the *" fonds hypothèque,"* we see no reason to make a
distinction between the crop and the land ; it cannot cer-

The plaintiff, in obtaining an order of seizure and sale against the mortgaged premises, acquires a *lien* on the growing crop from the moment of notification of the order of

tainly be pretended that the sheriff, in carrying the order of seizure into effect, at the time the order of seizure was issued, could have sold the crop separate from the land.

We are, therefore, of opinion, that the plaintiff, by exercising his action of mortgage, and by notifying the defendant that the order of seizure and sale was in the hands of the sheriff, subject to be executed after the legal delay, acquired a lien on the whole crop growing on the land ; and that the district judge erred in deciding differently.

II. Having thus disposed of the first question, and plaintiff's lien on the growing crop being recognized, our next inquiry is with regard to the remedy which he may legally have to secure the preservation of his right. In this case, a part of the crop had been gathered at the time that the sequestration issued, but this circumstance does not, in our opinion, lessen or impair the right of the plaintiff, as it only shows that he was in danger of losing the benefit of his lien. The lien claimed by plaintiff was acquired on the 25th of May previous. and no act of the defendant could deprive him of its effect, either in whole or in part.

The plaintiff resorted to the writs of sequestration and injunction, which are the remedies specially pointed out by law, whenever it becomes necessary to preserve property in dispute, during the pendency of an action : *Code of Practice, articles* 269 *and* 303. And it is contended, that in order to obtain such writs, there must be a principal demand pending before the court to whom the application is made, and that, in this case, there was no such original suit. It will be conceded, that a sequestration is not always an original process; that it is a mere provisional order, which may be had at any stage of a suit : 1 *Martin's Reports,* 79. And were we to agree with the judge *a quo,* it would result that this provisional and conservatory measure would be denied in cases in which it might be mostly wanted, and that a party, after having taken a suspensive appeal, would be at liberty to put the property in dispute out of the reach of the claimant. It has been urged, however, that the appeal bond would be answerable for the consequences, and that the

---

EASTERN DIST.
*March,* 1840.

WILLIAMS
*vs.*
DUER.

seizure to the defendant; and he may obtain a writ of sequestration against the crop during the pendency of a suspensive appeal from the order of seizure and sale, and in the absence of any principal demand before the court at the time of granting the sequestration.

EASTERN DIST.
*March*, 1840.

WILLIAMS
*vs.*
DUER.

plaintiff's remedy would be on the bond, after the determination of the appeal; but there may be cases, in which, as we have said above, an appeal bond would be insufficient, and in this case, particularly, it would not certainly be adequate to the loss which might be sustained, because the appeal bond secures the amount of only one instalment, whilst the property mortgaged, was to be sold to satisfy the whole debt. We are not ready to decide that the original demand is so entirely and definitively out of the control and jurisdiction of the District Court; that the district judge could not grant any provisional and conservatory order, so as to secure the ultimate execution of the judgment to be rendered in the appellate court, whose mandate he is bound to obey, and whose definitive judgments he is specially charged by law, to carry into execution : *Code of Practice, article* 915. But, is it true, that, under our laws, a writ of sequestration cannot issue, in any case, unless there be a principal demand pending before the same court? On referring to the 6th paragraph of the article 275, of the Code of Practice, we find that " *a creditor by special mortgage shall have the power of sequestering the mortgaged property, when he apprehends that it will be removed out of the state* BEFORE HE CAN HAVE THE BENEFIT OF HIS MORTGAGE," &c. &c.; and by a law of the 7th of April, 1826, the right is extended to all sorts of liens or privileges on the property. This is certainly one instance in which a writ of sequestration can be granted in the absence of a principal demand, and in contemplation of an action of mortgage not yet brought, but intended to be brought. It is analogous to the present case, for, the plaintiff here, asks nothing more than the protection of the law, and the privilege of issuing a writ of sequestration, to prevent the removal of the property subject to his lien, before he can have the benefit of his mortgage. Under this view of the question, we think the district judge erred in rescinding and setting aside the writs of sequestration and injunction, which he had previously granted.

A mortgage creditor is entitled to a writ of sequestration against the mortgaged property whenever he apprehends it will be removed out of the state before he can have the benefit of his mortgage; and, in such cases, a writ of sequestration can be granted in the absence of a principal demand, pending before the court granting it.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be annulled, avoided and reversed ; that the writs of sequestration and injunction, heretofore obtained in this case, be reinstated ; and that this case be remanded to the District Court for further proceedings, the defendant and appellee 'paying costs in this court.