Mastín, J.
delivered the opinion of the court.
This is an action against the maker of a promissory note given for overseer’s wages, secured by a special mortgage attempted to be given on the growing crop of the defendant. The note is payable on the first of December, 1839, at the Union Bank in Plaquemine. Suit was instituted the 3d September, 1839, and the crop sequestered on the affidavit of the plaintiff, that the defendant was about to gather and remove it beyond the jurisdiction of the court, and beyond .the limits of the State. He prays for judgment on the note as soon as it becomes due, and his sequestration be maintained.
On the 7th February, 1840, an amended petition was filed, including the note and debt first sued on, and judgment is prayed thereon. Judgment by [212] default was taken on the original and amended petition, and was after-wards set aside on answer filed.
The defendant avers that the suit is premature, having been instituted three months before the note became due; and the amended petition is in the nature of a second suit for the same debt, instituted during the pendency of the first, and cannot be maintained. He avers that he has sustained damages in consequence of the suing out of the sequestration, which he expressly charges to have been illegally done and without cause. He prays that the suit be dismissed and that he have judgment for damages and his costs.
There was judgment for the plaintiff on these pleadings, and the defendant appealed.
It does not appear that the sequestration was improperly granted. The objection to it is that the affidavit does not state the facts on which the plaintiff grounds his apprehension that the defendant will remove the cotton from the jurisdiction of the court and the State.
The petition states that the defendant is taking off the crop, “ and the affidavit declares all the facts mentioned in the petition are true. It further states that the defendant is reputed insolvent and unable to pay his debts.” These are the facts presented as creating the apprehension which induced the *131 plaintiff to avail himself of the sequestration. It is not pretended that they are untrue. The affidavit is, therefore, sufficient.
The original suit in this case was commenced by an application for an order of sequestration, three months before the debt became due, but the note was annexed and judgment prayed for, when it actually became due.
The supplemental petition filed after the note was really due, may well be considered as the inception of the suit; as the first petition contained only the application and grounds for a conservatory measure. Code of Practice, art. 208 ; Williams v. Duer, 14 La. Rep. 531.
On the trial, the note was produced and proved to have been [213] given for the amount due the plaintiff for his wages as an overseer of the defendant, in making the crop then growing and about being gathered. The property sequestered was part of this crop on the defendant’s plantation.
It is therefore ordered, adjudged and decreed, that the judgment of the district court be affirmed, with costs.