JOHN D. FINK, Executor of the last will of Sarah Baum, deceased, v. WILLIAM H. MARTIN.

Where no sale could be made of a slave seized under execution, for want of any bid of sufficient amount to satisfy a special mortgage entitled to priority over the plaintiff's judgment, and the *fi. fa.* is returned into court, the slave cannot be detained by the sheriff. C. P. 684. Nor will the fact of a judgment having been obtained from a court of original jurisdiction, annulling the mortgage as simulated and fraudulent, authorize the detention of the slave, where the defendant has taken a suspensive appeal. If the plaintiff was apprehensive that the slave, if returned to the debtor, might be concealed or taken out of the state, he might have caused him to be sequestered, notwithstanding the suspensive appeal.

APPEAL from the Court of Probates of New Orleans, *Bermudez*, J.

*H. D. Ogden* and *Hoffman*, for the plaintiffs.

*McHenry*, for the appellant.

MORPHY, J. On the 28th of December, 1842, an execution was issued in this case, under which, among other property, the slave David, a valuable mechanic, belonging to the defendant was seized. He was not offered for sale until April following, when, as appears from the return of the sheriff, no adjudication could take place for want of bids to an amount sufficient to pay the mortgages having priority over that of the plaintiff. A rule on the latter and the sheriff, was then taken by the defendant, calling upon them to show cause why the slave David should not be returned to him, as no sale could be made, and as, by retaining said slave in jail, his services were lost to his master, who was entitled to them, and as his whole value would be absorbed by the charges and expenses for keeping him, &c. The answer to this rule represents, that the special mortgage which prevents the sale of the slave David is fraudulent and simulated, and has been so decreed by the District Court, in a suit of the plaintiff against

Martin and J. B. Ross, now pending on an appeal from that judgment. The judge of the Court of Probates ordered the rule to be discharged, whereupon the defendant appealed.

The record shows, that the only *special* mortgage on the slave David, anterior to the recorded judgment of the plaintiff, is one which was granted by the defendant to J. B. Ross, on the 4th of May, 1842, on this slave, and on other property. Shortly after making his seizure, the plaintiff instituted an action in the District Court to have this mortgage avoided as fraudulent and simulated. He obtained a judgment by default, which was confirmed, but from which a suspensive appeal has been taken, which is now pending before this court. It further appears, that the writ of *fieri facias*, under which the seizure had been made, was returned into the court below, on the 20th of April, 1843. The question is, whether, under these circumstances, the slave David can be detained in jail for an indefinite period of time, his master deprived of his services, and his whole value consumed in jail fees and other charges.

It has been repeatedly decided by this court, that a sheriff who makes a levy before the return day of a writ, may proceed to sell the property seized after it has expired. 3 Mart. N. S. 489. 8 Ib. N. S. 391. 1 Robinson, 540. But this, we apprehend, he can do only when he retains in his hands the writ under which the seizure was made, and which was his authority to proceed to the sale of the property levied upon. When the *fieri facias* has been returned into court, as in this case, because no sale could take place under it, we cannot see what right or authority the sheriff can have to withhold the property seized. Article 684 of the Code of Practice, which provides, that no adjudication can take place, if the price offered is not sufficient to discharge the privileges and mortgages existing on the property, and which have a preference over the judgment creditor, says, that the sheriff, in such a case, shall proceed to seize other property of the debtor, if there be any. This article implies, we think, that he is to surrender the property out of which his writ cannot be satisfied. If he is directed to seize other property, he is not at the same time to retain that first seized, which, by reason of prior encumbrances, he cannot sell. It is urged, that as the mortgage in favor

of Ross, which is the only one that can prevent a sale, has been declared simulated by the District Court, this decision, notwithstanding the suspensive appeal taken from it, is presumptive evidence against its fairness and verity, and that the plaintiff would be materially injured by the release of the slave, as it would enable the parties to the fraud to place said slave out of his reach. The judgment of the District Court annulling the mortgage of Ross, may, or may not, be affirmed. Whatever may be the presumption arising from such a judgment, as a suspensive appeal has been taken from it, the mortgage standing on the books of the recorder of mortgages must be regarded and treated as a real and subsisting one, and must prevent the sale of the property as long as it not finally declared to be void. Eighteen months have already passed away since the seizure was made, and many more may, and probably will elapse, before the case is reached and disposed of in this court. Is the defendant, during all this time, to be deprived of the use of his property, and to see its value exhausted in unnecessary costs and expenses? We apprehend not. If the plaintiff entertained any fear that the slave, on being surrendered to his master, would be concealed, or taken out of the State, he might have had him sequestered during the pendency of the suit he brought in the District Court, and the defendant could not have regained possession of his property without giving adequate security. B. & C.'s Digest, pp. 156, and 774. Code of Pract. arts. 279, 280. This remedy the plaintiff has, and can exercise yet, notwithstanding the suspensive appeal taken from the judgment of the District Court, *Williams* v. *Duer*, 14 La. 537. No writ being in the hands of the sheriff, and no sale being possible if he had one, that officer is without any right, in our opinion, to withhold the defendant's property.

It is, therefore, ordered, that the judgment of the Court of Probates be reversed ; that the rule taken by the defendant in this case be made absolute, and that he do recover the possession of the slave David, now in the custody of the sheriff; the appellee paying the costs in both courts.