## MARCHAND v. SOBRAL.[1]

*(Circuit Court, E. D. Louisiana.* February 11, 1885.)

EQUITY PRACTICE—PROVISIONAL SEIZURE—EXECUTORY PROCESS.

The statutory proceeding known in Louisiana as "provisional seizure" cannot be cumulated with the proceeding known in Louisiana as "executory process," in an equity proceeding in this court for "executory process," not being authorized by the equity rules and practice, and not being incidental to the "executory process" under the Code of Practice in Louisiana.

In Chancery. On writ of provisional seizure issued in a case of executory process.

*John D. Rouse, Wm. Grant,* and *Andrew J. Murphy,* for complainant.

*James R. Beckwith,* for defendant.

PARDEE, J. The equity rules adopted by the supreme court, nor the present practice of the high court of chancery in England, contemplate nor provide for such a proceeding in a court of equity as is known in Louisiana as "executory process." The classification of this proceeding among equity cases, as well as the authority to institute it in the United States circuit court, are based upon rule 39 of this court, a long-standing rule which was adopted by our predecessors, and has been followed by us, and under which titles have passed. The matter seems to have embarrassed our predecessors, for the minutes of the court show that rule 39, as originally adopted, placed this proceeding on the law side of the court. The supreme court seem to have labored under a similar embarrassment, for in *Levy* v. *Fitzpatrick,* 15 Pet. 167, they seem to have considered it a case at law, and in *Marin* v. *Lalley,* 17 Wall. 14, they treated it as a suit in equity. We therefore do not feel disposed, even if at liberty so to do, to deny, in the present case, that the petition was properly filed and docketed, and that an order of seizure and sale thereon was properly granted and issued.

The statutory proceeding known in Louisiana as "provisional seizure" is not authorized by the equity rules of the supreme court, nor by the practice of the high court of chancery in England, and has not been adopted nor authorized as an equity proceeding by the rules of this court. That in equity a similar remedy to the Louisiana "pro-

[1] Reported by Joseph P. Hornor, Esq., of the New Orleans bar.

visional seizure" may, in certain cases, be granted, is admitted, but such similar remedy, which is by receiver and injunction in aid, should only be granted on bill filed, notice, hearing, and proof. The claim by counsel that the writ of provisional seizure, obtained in this present case, is incidental to and really forms part of the "executory process" as authorized by the Louisiana Code of Practice, and therefore is authorized under our thirty-ninth rule, cannot be admitted. If the provisional seizure authorized in article 285 of the Code of Practice in executory proceedings, when the plaintiff sues on a title importing a confession of judgment, refers to or includes any other seizure than the order of seizure and sale, as regulated by articles 732 *et seq.*, then paragraph 1, art. 285, would seem to be inoperative, for the reason that the Code provides no method of obtaining any writ of provisional seizure, except in cases of suits for rent, for labor, or against vessels or other watercraft, or *in rem*, where the *res* is either lost or abandoned, or its owner unknown or absent, a different affidavit being required in each case. See articles 285, 287, 289, and 291, La. Code of Practice.

It is extremely doubtful if the courts of the state would uphold a writ of provisional seizure in executory process which contemplated any other seizure than the one after three days' notice to the debtor, as required in article 735 of the Code, unless it should be in a case where the owner of the property to be seized was proved to be either unknown or absent. We have not been referred to, nor have we been able to find, any case where the courts of the state have permitted such practice. Sequestration seems to be the remedy in the state practice in cases where the facts are similar to those alleged in the present case. See article 275, Code of Practice, par. 6; *Williams* v. *Duer*, 14 La. 531; *Fink* v. *Martin*, 10 Rob. (La.) 147; *McFarlane* v. *Richardson*, 1 La. Ann. 12; *Patterson* v. *Hall*, 1 La. Ann. 108. There is another serious difficulty in admitting this extra provisional seizure in this case. The *via executiva* is not favored in the courts, as the law lends itself with facility to change the proceeding to the *via ordinaria*. *Richard* v. *Bird*, 4 La. 306. Praying for citation or judgment, or presenting a contestation, are taken as abandonment of the *via executiva* in favor of the *via ordinaria*. The writ of provisional seizure authorized by the Code of Practice, except in the case of executory process, when seizure is authorized after three days' notice, contemplates a suit, citation, either personally or by publication, an answer, an issue joined, a hearing, and a judgment. If such writ should be permitted as has been asked and issued in this case, it seems probable that we might be called on to hold that plaintiff, by proceedings looking to an answer and contestation, has changed the executory process into an ordinary suit for foreclosure of a mortgage.

We therefore incline to the opinion that the provisional seizure referred to in paragraph 1 of article 285 of the Louisiana Code of Practice is the seizure authorized after three days' notice to the debtor to

pay, which seizure is provisional in that it may be set aside for the reasons set forth in the Code.

The "provisional seizure" issued in this case not being warranted by the equity rules and practice, and not being incidental to "executory process" under the Code of Practice of Louisiana, and therefore not warranted by rule 39 of this court, must be discharged and vacated. The order for "executory process," pure and simple, we feel compelled to maintain. It is therefore ordered that the provisional seizure issued in this case be dismissed, with costs, and that defendant's motion to quash the "executory process" be dismissed, with costs.

BILLINGS, J., concurs.