# Maher's Appeal.

Where a defendant has had his day in court, and has omitted to make his proper defense, he cannot restrain execution of the judgment by bill in equity.

(Decided April 12, 1886.)

Appeal from a decree of the Common Pleas, No. 4, of Philadelphia County refusing to grant an injunction to restrain the execution of a judgment. Affirmed.

This was a bill in equity and motion for injunction to restrain execution, and open judgment at law, and let defendant into a defense, filed by John Maher against E. Gove and the sheriff

NOTE.—Judgments alleged to have been fraudulently made cannot be impeached collaterally. The only remedy of the defendant is to move to open the judgment, or to appeal. Ogle v. Baker, 137 Pa. 378, 21 Am. St. Rep. 886, 20 Atl. 998; Tarbox v. Hays, 6 Watts, 398, 31 Am. Dec. 478.

As to restraining enforcement of judgments in general, see the following editorial notes containing a full presentation of the authorities on their respective subjects:

General equitable jurisdiction in regard to injunctions against judgments, note to Jarrett v. Goodnow, 32 L. R. A. 321; against judgments for want of jurisdiction or which are void, note to Texas-Mexican R. Co. v. Wright, 31 L. R. A. 200; against judgments for defenses existing prior to their rendition, note to Curtis v. Cutler, 37 L. R. A. 747; against judgments for matters arising subsequently to their rendition, note to Little Rock & Ft. S. R. Co. v. Wells, 30 L. R. A. 560; against judgments for errors and irregularities, note to Gum-Elastic Roofing Co. v. Mexico Pub. Co. 30 L. R. A. 700; against judgments obtained by fraud, accident, mistake, surprise, and duress, note to Merriman v. Walton, 30 L. R. A. 786; negligence as a cause for, and as a bar to, injunctions against judgments, note to Payton v. McQuown, 31 L. R. A. 33; enjoining judgments against, or in favor of, sureties, note to Michener v. Springfield Engine & Thresher Co. 31 L. R. A. 59; against judgments entered on confession, note to John V. Farwell Co. v. Hilbert, 30 L. R. A. 235; against judgments in garnishment proceedings, note to Griggs v. Doctor, 30 L. R. A. 360.

of Philadelphia, George DeB. Keim. The facts were as follows:

Gove sued Maher upon a note, which Maher alleged had been given to one Walton for a particular purpose, and passed fraudulently to Gove by Walton as security for an antecedent indebtedness.

A verdict was rendered for Gove in Maher's absence and, as the latter alleged, collusively. He first heard of it through the newspapers; he informed his attorney, who applied for a new trial. This was refused; but the parties, under a misapprehension that it had been granted, retired the case, and another verdict was rendered for Gove. It was then discovered that the first verdict was in force, and judgment was entered thereon and execution issued.

It was this execution which complainant by bill in equity endeavored to restrain, he having previously attempted without success to have the judgment opened upon a rule for that purpose.

The bill alleged fraud in obtaining the note and fraud and collusion in obtaining the verdict and judgment.

The court below dismissed the motion for injunction; whereupon, complainant took this appeal, assigning as error the action of the court: (1) In refusing to grant the special injunction prayed for; and (2) in not granting the relief prayed for.

*De F. Ballou,* for appellant—Equity will grant relief against a fraud in entering a judgment in violation of agreement, as against an assignee with notice. Kellogg v. Krauser, 14 Serg. & R. 137, 16 Am. Dec. 480.

A court of equity may always exercise a supervision over judgments, so that exact justice may be reached. McClurg v. Wilson, 43 Pa. 439.

Appellant having failed to obtain an opening of the judgment upon rule taken, his remedy is by bill in equity. Ullery v. Clark, 18 Pa. 148; Miller v. Gallagher, 1 W. N. C. 8; Dickson v. Whitney, 1 W. N. C. 51. The court should have awarded an issue, as in McCutcheon v. Allen, 96 Pa. 319.

If defendant in the judgment was prevented, by fraud or accident or act of the opposite party, from availing himself of a good defense, equity will relieve him. Foster v. Wood, 6

Johns. Ch. 89; Marine Ins. Co. v. Hodgson, 7 Cranch, 332, 3 L. ed. 362.

Fraud includes all acts, omissions, or concealments which involve a breach of either legal or equitable duty, trust, or confidence, justly reposed, and are injurious to another. 2 Kent, Com. 483, n.

As to powers of a court of chancery to set aside judgments in cases of fraud, see Vanmeter v. Jones, 3 N. J. Eq. 520; Johnson's Appeal, 9 Pa. 425; Jackson v. Summerville, 13 Pa. 369.

*Alex. Simpson, Jr.,* for appellee.—Appellant has had his day in court; there is no sufficient allegation of fraud, and it is denied by the appellee. The motion for an injunction was therefore properly denied. See Cheyney v. Wright, 7 Phila. 431; Hetzell v. Bentz, 8 Phila. 261; Lebanon Mut. Ins. Co. v. Erb, 16 W. N. C. 113; Kountz's Appeal, 36 Phila. Leg. Int. 186.

The prayer for an injunction against the sheriff will not be granted. Ashton v. Parkinson, 8 Phila. 338; Stephens v. Forsyth, 14 Pa. 67.

Under the cases above cited, it is clear that the bill must ultimately be dismissed for want of equity.

PER CURIAM:

The appellant had his day in court in the judgment which he now seeks to attack the validity of on this bill in equity. If he omitted to make his proper defense there, through negligence or lack of prompt diligence, he cannot make it in this proceeding.

A judgment between the same parties on the same subject-matter must be deemed to be the end of that contention. It should not be renewed for anything shown here.

Decree affirmed and appeal dismissed, at the costs of the appellant.