Concurring Opinion.
Watkins, J.
This is a suit upon an unconditional obligation for the payment of money by the brewing association, coupled with an attachment.
It is of the following form, viz.:
“ |20,000. New Orleans, August 14, 1895.
“Ninety days after date we promise to pay to the order of ourselves twenty thousand dollars at the for value
received, with interest at the rate of eight per cent, per annum after maturity until paid.
“ No. . Due November 15.
“ New Orleans Brewing Association,
“ Ernest Fragst.
“ New Orleans Brewing Association,
“ Peter Blaise, President.”
*941 Upon the reverse of that instrument appear the following endorse - ments, viz.:
“ New ORLEANS Brewing Association,
“ Peter Blaise, President.
“ New Orleans Brewing Association,
“ Ernest Pragst, Secretary.
“ E. F. Hoppe.
“ E. Muller.
“ J. D. Taylor.
“ Theo. Brummer.
“ Ohas. J. Babst.
“ Peter Blaise.”
The suit was filed on the 3d of November, 1895, more than ten days prior to the date at which the note went to maturity, and in the petition there is a full and complete description of the note and the date of its maturity, as it appears from the recitals thereof.
Alleging that the persons whose names are above enumerated became “ guarantors ” to the bank for the full payment of said note “as surety endorsers” thereon, and “bound in solido with, and as sureties to said association,” the petition alleges that it is advised and believes that said association is insolvent and unable to pay its. debts.
That Theodore Brummer, Charles J. Babst and Peter Blaise, “ sureties upon said note as aforesaid, have each of them mortgaged, assigned, and disposed of, or are about to mortgage, assign or dispose of their property rights and credits, or some part thereof, with intent to defraud their creditors,” etc. — in the language of the Code of Practice. C..P. 240.
The petitioner then prays for citation to the brewing association and each one of the parties enumerated, and for writs of attachment against the three defendants enumerated, viz.: Theodore Brummer, Charles J. Babst and Peter Blaise; and that, after due proceedings had, petitioner have judgment in its favor and against “ all the parties enumerated supra, naming them, for the full amount of the debt, with eight per cent, per annum interest from judicial demand until paid;” that the writs of attachment be maintained on all the property-attached, with the recognition of the privilege of the bank upon same.
On the 11th November, 1895, the defendant, Peter Blaise, filed a *942 motion to dissolve the writ of attachment as to him, on the grounds (1) no cause of action; (2) prematurity, and (3) falsity of affidavit; and upon the same date a like motion to dissolve was filed by Charles J. Babst.
Upon the 14th of November, 1895, Theodore Brummer filed a similar motion to dissolve the attachment as to him, prefacing same with a reservation of right under-an exception, that had been filed previously.
Subsequently some of the remaining parties filed similar exceptions; and one or two of them pleaded a division of their liability.
On the trial of the exceptions, the same were submitted on the face of the papers; and two days subsequently the court rendered its opinion.
In his' opinion the judge a quo substantially assigned that taking the allegations of the petition as true, the parties placing their names on the back of the note sued on must be held and treated as sureties or guarantors as it is so alleged, snd such being the legal situation “the debt existed, the obligation was incurred, and the defendants bound themselves to the plaintiffs for the moment for which they placed their signatures upon the back of the note, and not upon the maturity of the note as contended,” though the judge expressly stated that he did not thus hold or decide, but from the standpoint of the defendants pleading no cause of action the case must be viewed in that light for the purpose of the exception.
In this I think he-was right.
■Proceeding, the judge said further:
“ The court takes the allegation of the petition in this respect, as well as the allegation that by reason of the insolvency of the maker, the New Orleans Brewing Association,- the note, is due as true, and decides on the face of the papers the plaintiff has shown legal grounds for an attachment, and therefore the exceptions of no cause of action are overruled, and the motions to dissolve, on the face of the papers, are denied,” not disposing of the pleas of prematurity.
In this I think he was wrong.
Subsequently the case went to trial, and judgment was rendered in favor of the plaintiff for the full amount of the debt, against all the defendants in solido, sustaining and enforcing the attachments.
An application for a new trial having been applied for and overruled the three attached defendants prosecute this appeal.
*943 In my view the note in suit evidences an absolute debt as existing at its date, and one the character of which, whether joint or solidary, it is needless now to determine. As the parties bound themselves so will they remain bound. ■ ■
Having placed their names upon the back or reverse of the note at the time of its execution, or while it was yet in the possession of the payee or first taker, the several defendants other than the maker will be deemed sureties, and as such bound as their principal is.
Rogers & Woodall vs. Gibbs, 24 An. 467, and the authorities therein collated. If the defendants were only bound as endorsers pure and simple, their obligation would be merely conditional, only becoming absolute at maturity. Claflin & Co. vs. Feibelman, 44 An. 519; National Bank vs. Moss, 41 An. 227.
But, notwithstanding the debt existed, it was not due on the face of the note, at the date it was filed, or when judgment was randéred.
“Every obligation,” says the Code, “gives impliedly a right of action to enforce its execution, but the obligation and the right of action do not always arise at the same time. Thus, in contracts to be performed at a future period, the obligation which gjrows out of the contract arises at the very moment of making it, but the right of action growing out of it arises only when the stipulated term has arrived.” C. P. 14.
“ What is due only at a certain time can not be demanded before the expiration of the intermediate time,” etc. R. C. 0. 2052.
“ When the demand is premature, that is to say when the action has been brought before the debt had become due, the suit must be dismissed, leaving to the party his right tcf bring the suit anew.” C. P. 158.
The prayer of the petition in this case is for an absolute judgment against the defendants in solido, and that is the kind of judgment which was pronounced against them; and claim is made that the note had, as a matter of law, become due by reason of the fact that the brewing association had become insolvent and unable to pay its debts.
But conceding the fact, arguendo, that the brewing association had become insolvent since the execution of the note, did that have the legal effect of maturing the debt and rendering it exigible as to the principal and securities?
The only cases that are cited by the plaintiff are Jeffries vs. Belle *944 ville Iron Works Company, 15 An. 19, and the ease of same title, 18 An. 685; but the only proposition decided in those cases was that corporations have no right to make a cession of property under the insolvent laws of the State — a proposition frequently and recently affirmed by this court.
There are two kinds of insolvency known to and recognized in our law, viz.: (1) actual insolvency; (2) declared insolvency. An illustration of the former is found in the precept of the Code, which declares, that “ by being in insolvent circumstances is meant that the whole property and credits are not equal in amount, at a fair-appraisement, to the debts due by the party.” R. C. C. 1985.
And again: “Solvency is the ability to pay one’s debts. He who ean not pay all that he owes is not solvent.” R. C. C. 8556, No. 26.
An illustration of'the latter is the “ failure,” or insolvency defined in the Revised Statutes, Sec. 1898, and which means “ a condition of insolvency,” which has been judicially and “ authoritatively fixed; an event certain and determined.” Seixas vs. Citizens Bank, 38 An. 424.
We are not informed' that it has ever been held that the actual insolvency of a natural person has the effect of making all of his indebtness mature; and we are not aware of any precept of law or adjudication which declares that any such an effect is to be attributed to the indebtedness of an insolvent corporation, or as to those who have become its securities.
In the recent case of Poitevent & Favre vs. Standard Manufacturing Company, ante p. 72, we drew the distinction between the two kinds of insolvency, and held that actual insolvency was no ground for an attachment.
There is no doubt of the fact that an attachment will lie before the debts fall'due; but an absolute-judgment can neither.be prayed for nor taken before the maturity of the debt.
The proper course is to ash for a writ of attachment to issue for a debt not due, unaccompanied by a prayer for absolute judgment; and when the debt becomes due, the petition should be amended, setting forth the fact of the debt having gone to maturity since the original petition was filed, and that he is entitled to judgment for the debt— sustaining the attachment with privilege. Williams vs. Duer, 14 La. 531: Nelson vs. Pool, 17 La. 209; Catlett vs; Heffner, 23 An. 577; Warfield vs. Oliver, 23 An. 612; Gardner vs. Shipley, 4 An. 184; *945 McDaniel vs. Gardner, 34 An. 341; National Bank vs. Moss, 41 An. 227; Claflin & Co. vs. Feibelman, 44 An. 518; Egan vs. Fush, 46 An. 474; Lemann vs. Truxillo, 32 An. 65; Gumbel vs. Beer, 36 An. 487.
In State ex rel. Merz vs. Judge, 31 An. 120, it was said:
“So, we hold that the question of prematurity must be tested by the facts existing at the date the suit is brought, and that the penalty is dismissal of the suit, if found premature.
“ Under this view it is manifest that the expiration, pending the suit, of the time of the alleged extension, does not relieve the-plaintiff from the consequences of his wrongful act; that the rela-tors have the right to have the court review the judgment of the District Court on the question of prematurity, and if the exception is found to be well taken, they have the right to demand the maintenance of their injunction and the setting aside of plaintiff’s order of seizure.”
In Adams vs. Day, 14 La. 503, it was held that the attachment allowed by act of 7th of April, 1826, in case of debts not due, was not intended as a means of bringing the debtor into court, but only as a conservatory measure. Irish vs. Wright, 8 R. 428; Read vs. Ware, 2 An. 498; Denègre vs. Milne, 10 An. 324.
I think it evident that the plaintiff’s suit was brought and absolute judgment demanded on a debt not due at the time, and that the plea of prematurity was well grounded, and should have been maintained and the suit dismissed, reserving the right of the plaintiff to ■bring his suit anew.
Entertaining this view, I think this is quite enough to decide.
Breaux, J., dissents.
Supplemental Decebe.
Miller, J.
In view of the consent herein filed for the modification of the judgment on this appeal: It Is now ordered, adjudged and decreed that our previous judgment be set aside, and in lieu thereof, ■it is now ordered, adjudged and decreed that the judgment of the lower court be avoided and annulled, in so far as it condemns the appellants Theodore Brumer, Peter Blaise, Charles J. Babst and E. F. Hoppe to pay plaintiff’s demand, and as to those defendants, it is ordered and decreed that plaintiff’s suit be dismissed at plaintiff’s •costs, and it is further adjudged and decreed that the writ of attach *946 ment issued against the property of said Theodore Brumer, Charles J. Babst and Peter Blaise be set aside and dissolved at plaintiff’s costs.