June 20th, 1904.

———————O———————

No. 3454.

(Court of Appeal, Parish of Orleans.)

## ISAAC LEVY vs. JOSEPH GOLDBERG.

1.  The words to be used in an affidavit for a writ of sequestration under Art. 275 C. P. are not sacramental, and the law demands merely that a sufficient cause be shown for the plaintiff's apprehension of the loss of the privilege.
2.  The text of the law does not require that the debt secured by the privilege should have matured. The sequestration is a conservative remedy which, if well taken, will be maintained, and the suit of which it is the accessory will be stayed until the obligation has matured.

Appeal from Civil District Court, Division E.

W. J. Durand, for plaintiff and appellant.

P. L. Fourchy, for defendant and appellee.

W. O. Hart, for Civil Sheriff.

DUFOUR, J. On June 9, 1903, the plaintiff brought this suit coupled with a sequestration for the recovery of an amount due for furniture sold to the defendant.

Though the allegations of the petition do not so declare the notes annexed thereto and made part thereof, and which control the allegations, show that the obligations were unmatured at the time of issuance of the writ.

By exception and motion, defendant urged dismissal of the suit and dissolution of the writ as issued prematurely and on improper and insufficient affidavit. The exception was overruled and the motion was denied. Rose Rosenbaum then intervened and claimed the property seized, and shortly afterwards Goldberg answered that all of the said property belonged to intervenor, and both again

311

asked for the dissolution of the writ.    After trial on the merits, the Court availing itself of the power to correct its interlocutory decree, ordered that the plea of prematurity be maintained and plaintiff's demand be dismissed as of non-suit, that the writ of sequestration be dissolved without damages, and that intervenor's demand be rejected.

Though the obligation was unmatured, the sequestration, if well taken should have been maintained and the suit been stayed until maturity, and the question now presented is, in consequence, merely this : Was the affidavit upon which the writ issued legal and sufficient?

Our learned brother of the District Court, says in the course of his opinion: "But even if the term 'mortgage' in the law be assumed to include the higher right of 'privilege,' and if the doctrine of Nelson vs. Spool, 17 La. 209, and Gardner vs. Shipley, 4 A. 184, be held applicable to the instant suit, still the latter must be dismissed and the sequestration dissolved, for it is clearly incumbent on the creditor who petitions for the issuance of the writ before the maturity of his claim, to aver not only that the claim is not yet due but that the writ is sought for the sole purpose of preventing the appearance or removal of the *res* before the privilege which attaches to it can be enforced, and to pray for judgment upon the debt when it shall fall due.    But where the averment is that the obligation is past due, though it is not, and the sequestration is prayed for to enforce the privilege, as though upon a matured obligation, the case does not come within the operation of Art. 275 C. P. No 6, and the plea of prematurity must prevail.

Such is the attitude of the present plaintiff who, after the three unmatured notes upon which he had declared as due, became due, failed to inform the Court of the fact by supplemental petition and to pray for judgment accordingly.

There is also another ground upon which the sequestration should have been set aside.    The affidavit is not in due form of law. It is an affidavit to the truth of the allegations of the petition, which was drafted apparently with a view to secure two writs, namely, an attachment and a sequestration.

The averment "that the defendant has left the city permanently and is about, or has, converted the aforesaid property into money for the purpose of defrauding petitioner of the balance due him of two hundred and fifty-two dollars ($252.00)," can have reference to the issuance of but one writ, namely, an attachment; while the other. allegation "that he has a vendor's lien and privilege upon the property described above, and as defendant is about to part with, and convert same into money for the purpose of depriving him of his privileges thereon," is meant to conform to section 7 and 8 of Art. 275 C. P. relative to sequestration.

Had both writs been prayed for and issued, no fault might have been found with the affidavit, but plaintiff seems to have abandoned

the idea of attaching his debtor's property and has prayed only for a sequestration. The averments above quoted must therefore be read together into the affidavit for the sequestration, and plaintiff will thus be found to have sworn "that defendant has left the city permanently and is about, or has, converted the aforesaid property into money for the purpose of defrauding petitioner of the balance due him of two hundred and fifty-two dollars ($252)" and "that he has a vendor's lien and privilege upon said property, and that defendant is about to part with and convert same into money for the purpose of depriving him of his privileges." Conceding, *argumenti gratia,* that the case of *Gumbel & Co vs. Beer,* 36 A. 484 involving the five days vendor's privilege attaching to agricultural products in whosoever hands found, and decided by a divided Court, is entitled to respect as authority to the effect that in cases of sequestration the language of Art. 275 C. P. is not sacramental, and that an affidavit that the cotton burdened with the lien has been converted into money is sufficient to maintain the writ, still there is nothing in that case subversive of the doctrine that an affidavit in the alternative, unless couched in the very terms of the Code of Practice, is fatally defective. And here we have the plaintiff swearing that "the defendant is about to convert, *or* has converted his property, etc.," in a case where the vendor's lien upon the *res* subsists only so long as it remains in the possession of the purchaser C. C. 3227. The defect in the affidavit is surely fatal.

We do not share the view of our brother that the affidavit was sufficient for the issuance of two writs but insufficient for one of them; the greater includes the less.

Neither do we agree that the affidavit is fatally defective because it says that the defendant is about to convert or has converted his property, such property may have be *converted* by sale but not yet *delivered,* and thus still be liable to seizure.

In 4 An. 184, the plaintiff in sequestration swore substantially that a portion of the property had been removed and the rest was about to be removed to the detriment of his privilege. The Court said:

"By the sixth clause of the 275th Article of the Code of Practice it is declared that a creditor by special mortgage shall have the power of sequestrating the mortgaged property, when he apprehends it will be removed out of the State before he can have the benefit of his mortgage, and will make oath of the facts which induced his apprehension. By the act of 1826 it was enacted that, in addition to the cases mentioned in Art. 275, the plaintiff may obtain a sequestration in all cases where he has a lien or privilege upon property.

The argument presented by the opposite party, is, that the debt being unmatured could not be sued for and the right to a sequestration being a mere accessory right must follow the fate of the principal. The test of the law does not require in terms that the

debt secured by the mortgage or *privilege* should have matured; and certainly its spirit is conservative, and in our opinion embraces the present case."

"In 36 An. 484, it was broadly held that the words to be used in the affidavit are *not sacramental,* and the law merely demands that a *sufficient cause* for the writ be alleged."

The history of the legislation on this subject is, in that case, reviewed in the following language:

"The law which authorizes a sequestration under the state of facts expressed in those terms, is paragraph 8 of Art. 275 C. P., but it does not prescribe that the writ shall issue only in such cases. The article provides explicitly that a sequestration may be ordered in the following cases—eight in number, the seventh of which is that a plaintiff may obtain a sequestration in all cases where he has a lien or privilege upon property on complying with the requisites provided by law. The next Article, 276 simply declares that the plaintiff, wishing to obtain the order in any one of the cases, must annex an affidavit setting forth the cause for which he claims such order, etc. Paragraph 8 is section 6 of Act 53 of 1839 which was passed to amend Art. 275 C. P. and which distinctly does so by providing that in addition to the cases therein mentioned, a sequestration may be ordered, etc.

"It was therefore an additional or supplemental legislation which did not repeal previous laws."

The affidavit herein shows a privilege and good cause to apprehend its loss by the actual or intended conversion of the property into money to the detriment of plaintiff's privilege. "This allegation is not only an equivalent but a broader averment than the allegation of removal." 36 An. 487. We think the judge's first ruling was correct. The judgment against intervenor cannot be disturbed, she being neither appellant nor appellee. Plaintiff appealed solelyfrom the judgment in favor of defendant; to preserve her rights intervenor should have appealed herself and she has merely answered an appeal to which she was not an appellee.

Judgment reversed, so far as defendant is concerned, writ of sequestration maintained, and, the obligations sued on having matured, the cause is remanded for trial on the merits, costs of appeal to be paid by appellee and those of the lower Court to await the final determination of the cause.

June 20, 1904.

Rehearing refused June 28, 1904.