ADAMS ET AL. *vs.* DAY.

APPEAL FROM THE COURT OF THE FIRST JUDICIAL DISTRICT,
JUDGE WATTS PRESIDING.

14L 503
49 945

The attachment allowed by the act of 1826, in the case of a debt not yet due, was not intended as a means of bringing the debtor into court, but only as a conservatory measure.

Where the defendant in attachment shows, by *prima facie* evidence, that the facts stated in the affidavit are untrue, it will throw the burden of proving their verity on the plaintiff.

Where no notice is given of an assignment of a debtor's property, it is liable to attachment in his hands.

The plaintiffs instituted suit, by attachment, for the amount of a note due by the defendant, and for two *others not due*. They allege, in their petition, " that the defendants, S. & D. Day, reside in Philadelphia, and that an attachment has been levied on their property in this city, (New-Orleans) for said debt, *already due, and those not yet due*." They pray judgment for the debt due, and for the two remaining debts when they *become due*, and that the attachment continue in the meantime.

The attorney appointed to represent the defendants, took a rule on the plaintiffs, to show cause why the attachment should not be dissolved :

1. That the affidavit was incorrect, in point of fact, as regards the first and second notes, &c.

2. That the first note was paid, and now in possession of the defendant's attorney.

3. Because, at the time of issuing the attachment, the defendants were not about to remove their property from the state before the second note became due, nor has any of said property been removed.

The plaintiffs aver, in answer to this rule, that the act of April 7th, 1826, under which the attachment issued, does not give the right to set it aside, on the ground that the allegations on which the attachment issued are untrue.

2. That since the levying the attachment, the defendants have made an assignment of their property in Philadelphia, and have no interest in this suit.

3. That the first note sued on, was due and unpaid, at the time of instituting this suit by attachment.

On the trial of the rule, the defendants showed by the testimony of their agent, and who was garnisheed as having the property attached in his hands, that there was no intention of removing it out of the state, but that it sold slowly, and it was necessary to sell the goods on time.

On the calling up of the rule for trial, the plaintiffs' counsel moved the court for a commission to Philadelphia, to take testimony to prove the assignment by the defendants, of all their property, since the issuing of the attachment, and with a knowledge of its existence.   This motion was overruled by the court, on the ground, that, if proved, it would be a nullity, as between the present parties.   The plaintiffs' counsel excepted to the opinion of the court.

The rule was made absolute, and the attachment set aside, so far as regards the first and second notes.

The plaintiffs appealed.

*Maybin*, for the appellants, urged the reversal of the judgment, on the grounds set up against the rule and proceedings, dissolving the attachment.

*T. Slidell*, for the defendants.

*Morphy, J.*, delivered the opinion of the court.

An attachment was taken out for a debt not yet due, under the act of 1826, amending the Code of Practice, which limited the right of sueing out attachments, to cases of debts actually due.   The required affidavit was made, that defendants were about to remove their property out of the state before the maturity of the debt.   A rule was taken on plaintiffs to show cause why the attachment should not be set aside, on the ground, that the facts set forth in the affidavit were untrue.   On the evidence adduced below,

disproving the fact that the property attached was to be <span>Eastern Dist. March, 1840.</span>
removed from the state before plaintiffs' debt became due,
the judge dissolved the attachment, and the plaintiffs <span>ADAMS ET AL. vs. DAY.</span>
appealed.

The appellants have contended, that, as the right to attach for a debt not yet due, was not originally given by the Code of Practice, but was conferred by a special provision of a posterior act, that, therefore, the relief for setting aside attachments unduly obtained, which is given by article 258, of the Code of Practice, does not extend to an attachment for a debt not yet payable, but must be limited to attachments falling within the original provisions of that code. This is a construction to which we cannot assent. It is contrary to the well established rule, that laws in *pari materia* must be construed with reference to each other. An amendment to an existing law, becomes as much a part of it, as though it had been embodied in the original law when it was made. As to the policy or equity of the distinction attempted to be drawn, we cannot perceive it. The remedy of attachment, is, in itself, a harsh and extraordinary one, and all the relief and protection accorded against its undue exercise for a debt past due, should *a fortiori* be granted for one not yet due, otherwise the debtor, who already owes a sum of money, and has violated his engagement to pay, would be more favorably treated than him whose obligation is prospective, and whose faith has not yet been violated. But the attachment allowed by the act of 1826, in the case of a debt not yet due, was not intended as a means of bringing the debtor into our courts, but only as a conservatory measure, to which the creditor can entitle himself only on administering proper proof of the fact, which may render it necessary for his protection, whenever they are denied, or disproved, by *prima facie* evidence. In this case, there has been, on the part of defendants, a sufficient showing, in opposition to the affidavit, to throw on plaintiffs the burden of proving its verity. This, they have not even attempted to do. It would be vexatious, indeed, if creditors were allowed, on a mere affidavit, not to be controverted, to attach the property of

*The attachment allowed by the act of 1826, in the case of a debt not yet due, was not intended as a means of bringing the debtor into court but only as a conservatory measure. Where the defendant in attachment shows, by prima facie evidence, that the facts stated in the affidavit are untrue, it will*

EASTERN DIST. *March,* 1840.

throw the burden of proving their verity on the plaintiff.

Where no notice is given of an assignment of a debtor's property, it is liable to attachment in his hands.

persons, who, in strict contemplation of law, are not their debtors.

We find in the record, a bill of exceptions to the refusal of the judge to grant plaintiffs a commission to Philadelphia, to obtain proof that defendants, since the issuing of this attachment, and with a knowledge of its existence, made an assignment of their property to assignees in that city. The judge, we think, did not err. Such an assignment, if proved, would be a nullity as between the plaintiffs and defendants here, for so long as no notice is given of an assignment of the debtor's property to the person who holds it, the property is liable to attachment in the hands of the latter. In this case, plaintiffs' own affidavit to obtain the commission, shows, that the attachment was anterior to the assignment ; but it is said, that although the assignment cannot defeat the plaintiffs' rights, yet it has so far divested defendant's title to the property attached, as to leave him without sufficient interest to take any rule or action in relation to it. The delivery of the property in Louisiana was necessary, to complete the assignment. Until then, the defendants and assignors had, we believe, such an interest, as would make them at least competent to appear and protect the property from unlawful attachment by others.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be affirmed, with costs.