289 So.2d 292 (1974)
Raymond C. DAVIS, Plaintiff-Appellant,
v.
The HANOVER INSURANCE COMPANY and the Travelers Insurance Company, Defendants-Appellees.
No. 4431.
Court of Appeal of Louisiana, Third Circuit.
January 25, 1974.
J. Douglas Handley, Lake Charles, for plaintiff-appellant.
Plauché, Smith & Hebert by Reid K. Hebert, Holt & Woodley by E. E. Woodley, Lake Charles, for defendants-appellees.
Before FRUGÉ, MILLER and PONDER, JJ.
MILLER, Judge.
Plaintiff Raymond C. Davis appeals from the trial court judgment dismissing his personal injury suit against defendants Hanover Insurance Company and Travelers Insurance Company on exceptions of improper venue and of prescription. Terrance W. Blessington was joined as party defendant more than a year after the accident and an exception of prescription was sustained as to that claim. We reverse and remand.
On February 14, 1972 Davis was a guest passenger in an automobile driven by Blessington and insured by Hanover. Davis was injured when that vehicle collided with one owned by Mr. Sonnier, driven by his wife Mrs. Marie B. Sonnier, and insured by Travelers. The accident occurred in Jefferson Davis Parish. Blessington was domiciled in Calcasieu Parish and the Sonniers were domiciled in Vermilion Parish. Hanover and Travelers are foreign insurers licensed to do business in Louisiana.
On February 13, 1973, Davis filed suit in Calcasieu Parish naming only Hanover and *293 Travelers as party defendants. The Secretary of State, as agent for service of process for foreign insurers, was served on February 15, 1973. Hanover and Travelers each filed declinatory exceptions of improper venue. On June 13, Davis filed a supplemental and amending petition adding Blessington and the Sonniers as defendants. Hanover, Travelers and Blessington each filed peremptory exceptions of prescription on June 26, 1973. Sonnier had not answered nor excepted prior to the June 28, 1973 trial of the exceptions.
The trial court found that venue did not exist in Calcasieu Parish when the suit was originally filed, and maintained the exceptions of prescription to the amended claims. The sole issue on appeal is: Under the Louisiana Direct Action Statute, LSA-R.S. 22:655, does venue exist in Calcasieu Parish? If venue exists in Calcasieu Parish, prescription is interrupted as to all parties, since suit was filed before prescription had run. If venue is improper, the plea of prescription is valid, since no defendant was served until after the prescriptive period had run. LSA-R.S. 9:5801.
LSA-R.S. 22:655, in pertinent part, provides:
The injured person or his or her survivors or heirs hereinabove referred to, at their option, shall have a right of direct action against the insurer within the terms and limits of the policy; and such action may be brought against the insurer alone, or against both the insured and insurer jointly and in solido, in the parish in which the accident or injury occurred or in the parish in which an action could be brought against either the insured or the insurer under the general rules of venue prescribed by Art. 42, Code of Civil Procedure.
This portion of the statute gives claimant the choice of suing the insurer alone, or the insurer and insured. It also provides the venue for such actions.
Davis points to that portion of the statute ("in the parish in which the accident or injury occurred or in which the action could be brought against either the insured or the insurer under the general rules of venue ...") which he argues permits Calcasieu to be a parish of proper venue. This section, he argues, allows him the option of filing suit in East Baton Rouge (the insurer's domicile), Jefferson Davis (where the accident occurred), Vermilion (the Sonniers' domicile), or Calcasieu (Blessington's domicile).
Insurers, however, point to the last portion of the quoted statute (under the general rules of venue prescribed by art. 42, Code of Civil Procedure). They argue that this reference incorporates the general venue provisions of the Code of Civil Procedure, and that the provisions of that code eliminate Calcasieu as a parish of proper venue. Article 43, it is argued, modifies article 42 and provides that the general rules are subject to the exceptions contained in articles 71 through 83. Article 73 provides that actions against joint or solidary obligors may be brought in a parish of proper venue, under article 42, as to any obligor who is made a defendant (emphasis added). Since Blessington was not made defendant until after prescription had run, they argue, the action was not brought in a parish of proper venue.
The quoted portion of LSA-R.S. 22:655 was amended in 1962 by Act No. 471 of 1962, § 1. Prior to the amendment, the quoted portion provided:
The injured person or his or her survivors or heirs hereinabove referred to at their option shall have a right of direct action against the insurer within the terms and limits of the policy in the parish where the accident or injury occurred or in the parish where the insured or insurer is domiciled, and said action may be brought against the insurer alone or against both the insured and insurer jointly and in solido, at the domicile of either or their principal place of business in Louisiana.
*294 Under the old provision, Calcasieu would have undeniably been a parish of proper venue, since the statute unmistakably provided that the action may be brought at the domicile of either the insured or the insurer. The venue provisions of the direct action statute were then totally self-contained, since no reference was made to the Code of Civil Procedure.
The legislative change was commented upon by two writers in the 1962 Louisiana Legislative Symposium, 23 La.L.R. 41 et seq. (1962). Professor Henry George McMahon saw the amendment as an action to remove loose language which made it doubtful whether the action could be brought against both the insured and the insurer in the parish in which the accident or injury occurred. 23 La.L.R. at 63. The remainder of the amendment, he stated "removes the doubt concerning all venues available to the plaintiff ..." id. Another writer in the same symposium simply found that Act 471 broadened the venue provisions. 23 La.L.R. at 80.
A close examination of the amendment reveals two changes: 1) The provision relating to place of injury was clarified. 2) The provision relating to domicile and principle place of business was changed in favor of a reference to article 42 of the Code of Civil Procedure. We are here concerned with the latter revision.
We find that the legislature intended to broaden the permissable venues available to claimants, rather than to restrict them. This conclusion is dictated both by a literal reading of the statute and by examination of the statute's provisions prior to and after amendment.
The provision "or in the parish in which an action COULD be brought against ELTHER the insured OR the insurer under the general rules of venue prescribed by Article 42, Code of Civil Procedure[,]" (emphasis added) contains no conditions. It does not condition the permissable venues upon both parties being made defendants, as is the case with joint or solidary obligors in LSA-C.C.P. art. 73. We find that allowing the suit to be brought in the parish of the insured's domicile without joining him in the suit is in keeping with the option available to claimants to sue either the insurer alone or the insurer and insured. In short, we are compelled to accept Davis' version of the meaning of the venue provision due to the plain meaning of the use of the disjunctive (parish in which an action COULD be brought against EITHER the insured OR the insurer), rather than the conjunctive (parish in which an action could be brought against BOTH the insured AND the insurer), or of a mutual modifier (parish in which an action could be brought against either the insured or the insurer, WHO IS MADE A DEFENDANT).
Prior to the 1962 amendment, the statute allowed suit to be brought "at the domicile of either or their principal place of business." The 1962 amendment instead incorporated the venues allowed in LSA-C.C.P. art. 42. That article contains a far more extensive listing of possible venues than merely the defendant's domicile or principle place of business. Also included are venue provisions for foreign corporations and nonresidents, those who would not have domiciles or principal places of business in Louisiana. The legislature did not disallow the option available under the prior version of the statute; it merely clarified this option by more clearly spelling it out in terms other than domicile and principle place of business, in conformity with the general venue rules of article 42.
We reject as unwarranted insurers' argument that the legislature intended to incorporate all general rules of venue found in the Code of Civil Procedure. Had the legislature so intended, it would not have limited its reference to article 42. It is true that article 43 modifies article 42 and subjects it to exceptions found in the following articles. The fact remains, however, that the legislature only referred to article 42 and did not incorporate the exceptions. We are thus constrained to reject *295 insurers' argument that article 73's provisions are relevant in determining venue under the direct action statute.
Having found that Calcasieu Parish was one of proper venue under the direct action statute, we reverse the trial court's finding sustaining insurers' exceptions of prescription. Since Calcasieu Parish was one of proper venue, prescription was interrupted on February 13, 1972, with the filing of suit against Hanover and Travelers. LSA-R.S. 9:5801.
The exception of prescription filed by Blessington was not well taken. An insured and his liability insurer are solidary obligors. Pearson v. Hartford Accident & Indemnity Company, 281 So.2d 724 (La.1973); Hidalgo v. Dupuy, 122 So.2d 639 (La.App. 1 Cir. 1960). A timely suit filed against a solidary obligor interrupts prescription as to the other solidary obligors. LSA-C.C. art. 2097; Pearson v. Hartford Accident & Indemnity Company, supra.
The judgment maintaining the exceptions of venue and prescription is reversed. The case is remanded for further proceedings. Costs of this appeal are assessed to defendants appellees.
Reversed and remanded.
PONDER, J., respectfully dissents and assigns written reasons.
PONDER, Judge (dissenting).
I respectfully dissent.
Prior to amendment LSA R.S. 22:655 made it clear that the action may be brought "against the insurer alone or against both the insured and insurer jointly and in solido at the domicile of either or their principal place of business in Louisiana." By Act No. 471 of 1962, the title of which was: "An Act To amend and reenact Section 655 of Title 22 of the Revised Statutes to change certain rules of venue thereunder," the above quoted portion was amended to read "against the insurer alone, or against both the insured and insurer jointly and in solido,in the parish which an action could be brought against either the insured or the insurer under the general rules of venue prescribed by Article 42, Code of Civil Procedure."
I read the above to mean that the general rules of venue contained both in Article 42 and the exceptions thereto are to be applied. I am unable to subscribe to the finding that it was the legislative intent to incorporate Article 42 in R.S. 22:655 without adopting the exceptions thereto. Article 73 and comment (a) thereunder should be applied.
I therefore dissent.