419 So.2d 449 (1982)
Shirley Rae MEYERS as Administratrix of the Estate of her minor child, Sheila Denise Meyers
v.
Kenneth J. SMITH, Dobbs Leasing, Inc., Brooks Products, Inc. and Aetna Casualty and Surety Company.
No. 82-C-0109.
Supreme Court of Louisiana.
September 7, 1982.
P. Michael Cullen, David Charles Loeb, Edwards, Cullen & Loeb, Gretna, for applicant.
William S. Penick, Gerald J. Talbot, Lemle, Kelleher, Kohlmeyer & Matthews, New Orleans, for respondents.
BLANCHE, Justice.
Plaintiff challenges an appellate court judgment holding that the exceptions to the general rules of venue contained in C.C.P. art. 42 are not applicable to suits under the direct action statute, R.S. 22:655. We affirm the decision of the court of appeal.
On behalf of her minor daughter, plaintiff seeks to recover for the wrongful death of the child's father, Erroll Meyers. Meyers was killed in an automobile collision which *450 occurred on April 1, 1980 in St. John the Baptist Parish. Plaintiff filed suit in Jefferson Parish naming as defendants: Kenneth L. Smith, a domiciliary of Tangipahoa Parish; Brooks Products, a California corporation with its principal business establishment in Louisiana in St. John the Baptist Parish; their insurer, Aetna Casualty and Surety Company, a foreign corporation licensed to do business in this state; and Dobbs Leasing, Inc., a foreign corporation not licensed to do business in Louisiana.
Plaintiff's suit was met with declinatory exceptions of improper venue filed by all defendants. After a hearing, the trial court denied the exceptions, reasoning as follows:
This suit arises out of an automobile accident which occurred in St. John the Baptist Parish. None of the defendants have a residence or domicile in Jefferson Parish. However, it has been stipulated by counsel that Aetna Casualty and Surety Company, a named defendant sued under the Direct Action Statute, is handling this claim out of its Metairie office in Jefferson Parish. The Court holds (1) that the Direct Action Statute does not preclude the application of Article 77 of the Code of Civil Procedure and (2) that Article 77 does create proper venue in Jefferson Parish in this case. Therefore, the defendants' Exception to the Venue will be overruled.
The court of appeal, holding that C.C.P. art. 77 is inapplicable to suits under the direct action statute, issued a peremptory writ reversing the decision of the trial court, sustained the exception of improper venue, and ordered transfer of plaintiff's suit to St. John the Baptist Parish.
Louisiana's direct action, R.S. 22:655, provides in pertinent part:
... The injured person or his or her survivors or heirs hereinabove referred to, at their option, shall have a right of direct action against the insurer within the terms and limits of the policy; and such action may be brought against the insurer alone, or against both the insured and insurer jointly and in solido, in the parish in which the accident or injury occurred or in the parish in which an action could be brought against either the insured or the insurer under the general rules of venue prescribed by Art. 42, Code of Civil Procedure.
Plaintiff argues that the exceptions to the general rules of venue were incorporated into the direct action statute by virtue of that statute's adoption of the rules provided in Article 42. In support of her position, plaintiff relies heavily upon the following language from this Court's opinion in Surridge v. Benanti, 261 La. 282, 259 So.2d 324 (1972):
Prior to Act 471 of 1962, R.S. 22:655 (the Louisiana direct action statute) provided for venue at the "principal place of business" of either the insured or the insurer. That portion of the statute was removed by the 1962 amendment which substituted the rule that an action could be brought against either the insured or the insurer "under the general rules of venue prescribed by Art. 42, Code of Civil Procedure." Since article 42 contains the general rule of venue, it is to be understood that the 1962 amendment also incorporated the exceptions to the general rules of venue which follow Article 43 of the Code of Civil Procedure, which states:
"The general rules of venue provided in Article 42 are subject to the exceptions provided in Articles 71 through 83 and otherwise provided by law."
To this argument, the appellate court responded: Surridge v. Benanti "does not control. There the court did not find that proper venue was in Orleans Parish where the office of the insurance company supervising the post-accident claim was located so that the court's discussion of the C.C.P. Article 77's applicability was dicta." We agree.
The venue provisions of the direct action statute are substantive law, and are in derogation of the general venue rules as set out in the Code of Civil Procedure. As such, the language regarding proper venue under the direct action statute should be narrowly construed. By its express language, *451 the direct action statute incorporates only the general rules of venue provided by Article 42. No mention is made of the exceptions to those rules provided by Article 43, although the legislature could have easily incorporated those exceptions had it desired to do so.
In Davis v. Hanover Insurance Co., 289 So.2d 292 (La.App. 3rd Cir. 1974), the Third Circuit held that the direct action statute incorporated only the general rules of venue set out in Article 42. The court stated:
We reject as unwarranted insurers' arguments that the Legislature intended to incorporate all general rules of venue found in the Code of Civil Procedure. Had the Legislature so intended, it would not have limited its reference to Article 42.... [T]he Legislature only referred to Article 42 and did not incorporate the exceptions.
As did the Third Circuit in Davis, we reject the plaintiff's contention that the exceptions to the general rules of venue are incorporated into the direct action statute.
In the instant case, the fatal accident occurred in St. John the Baptist Parish, and none of the named defendants are amenable to suit in Jefferson Parish. The court of appeal properly ordered transfer of plaintiff's suit to St. John the Baptist Parish.
Accordingly, the decision of the court of appeal is affirmed.
AFFIRMED.
DIXON, C. J., dissents with reasons.
CALOGERO, J., dissents. The more reasonable interpretation of RS 22:655 is that the venue reference to C.C.P. Art. 42 incorporates as well the exemption to C.C.P. Art. 42.
DENNIS, J., dissents.
LEMMON, J., concurs. C.C.P. Art. 77 is not applicable to confer jurisdiction in this case.
DIXON, Chief Justice (dissenting).
I respectfully dissent.
It is very difficult to adopt a rule without the existing exceptions without saying it in so many words. Surridge v. Benanti, 261 La. 282, 259 So.2d 324 (1972).