523 So.2d 843 (1988)
Mary KELLIS
v.
Stuart FARBER, Farlee Drug Company, Inc., Zurich-American Insurance Company and St. Paul Fire & Marine Insurance Company.
No. 87-CC-2170.
Supreme Court of Louisiana.
April 11, 1988.
Opinion and Assigns Additional Reasons April 18, 1988.
Rehearing Denied June 1, 1988.
*844 Christopher Grace, Jr., New Orleans, for applicant.
Gerald Nielsen, Thomas Gaudry, Windhorst, Pastorek & Gaudry, Harvey, for respondents.
Opinion of Justice Lemmon Joining in Opinion and Assigns Additional Reasons April 18, 1988.
*845 DENNIS, Justice.
Venue is the question in this case arising out of an automobile accident. The accident happened in Jefferson Parish. The plaintiff, Mary Kellis, a New Orleans domiciliary, filed suit in Orleans Parish. She named as defendants:
Stuart Farber, the alleged tortfeasor, a Jefferson Parish domiciliary;
Farlee Drug Company, Farber's employer, a domestic corporation domiciled in Jefferson Parish;
Zurich-American Insurance Company, liability carrier of Farber and Farlee, a foreign insurer;
St. Paul Fire & Marine Insurance Company, plaintiff's uninsured motorist carrier, a foreign insurer.
The suit was met with a declinatory exception of improper venue. The trial court sustained the exception and transferred the case to Jefferson Parish. The court of appeal denied plaintiff's application for a writ. Kellis v. Farber, No. 87-C-8043 (La. App. 4th Cir. Sept. 9, 1987). This court granted a supervisory writ. After considering the written and oral arguments of the parties, we reverse the judgments of the lower courts and overrule the declinatory exception of venue.
The Code of Civil Procedure provides a general rule of venue followed by various permissive and mandatory supplementary provisions. The general rules of venue are contained in article 42, the permissive supplementary rules in articles 71 through 77, and the mandatory supplementary rules in articles 78 through 85. Several other mandatory venue rules are provided for in other parts of the Code.
Under the general rules of venue an action against an individual domiciled in the state shall be brought in the parish of his domicile, an action against a domestic corporation shall be brought in the parish where its registered office is located, and an action against a foreign insurer shall be brought in the parish of East Baton Rouge. La.C.C.P. article 42. Consequently, Orleans Parish is not the proper venue for plaintiff's suit against the defendants under the general rule. Foreign insurers can only be sued in East Baton Rouge Parish under the general rule and the other two defendants have neither a domicile nor a registered office in Orleans Parish.
However, article 43 provides that the general rules of venue provided in article 42 "are subject to" the exceptions provided in article 76. After special exceptions for actions on life and health and accident policies, article 76 provides that an action on any other type of insurance policy may be brought in the parish where the loss occurred or the insured is domiciled. La.C.C.P. art. 76. Accordingly, Orleans Parish is the proper venue for the plaintiff's suit against her uninsured motorist carrier because it is an action on an insurance policy brought by an insured in the parish of her domicile.
Moreover, article 43 provides that the general rules of venue provided in article 42 "are subject to" a further exception provided for in article 73. Article 73 provides that an action against joint or solidary obligors may be brought in any "parish of proper venue, under article 42, as to any obligor who is made a defendant." La.C.C.P. art. 73.
Accordingly, Orleans Parish is also the proper venue for plaintiff's suit against the remaining defendants. Plaintiff's suit is an action against solidary obligors because the tortfeasor, his employer, their liability insurer and the plaintiff's uninsured motorist carrier are solidary obligors with respect to the victim. Burton v. Foret, 498 So.2d 706 (La.1986); Hoefly v. Government Employees Insurance Co., 418 So.2d 575 (La.1982). Therefore, the action was brought in a parish of proper venue, as to one of the solidary obligors, namely, the uninsured motorist carrier. Further, this action was also brought within a proper venue under article 42, although the plaintiff was specifically authorized to sue upon her UM policy in the parish of her domicile by article 76. This is because article 42 by law is "subject to" the provisions of article 76. La.C.C.P. art. 43. See Erdey v. Am. Honda Co., 415 So.2d 449 (La.App. 1st Cir.1982). Article 5051 requires the courts *846 to construe the articles of the Code liberally to implement the substantive law. When the articles are viewed in this light and as part of the total procedural system, it is clear that article 76 and the other articles set out in article 43 are an extension, supplement and legal part of the provisions of article 42. See Surridge v. Benanti, 261 La. 282, 259 So.2d 324 (1972); McKenzie & Johnson, Louisiana Insurance Law and Practice, § 25, p. 44 (1986); Tate, Civil Procedure: Work of Appellate Courts 1967-1968, 29 La.L.Rev. 269, 274-276 (1969).
We are reassured as to the validity of this conclusion by further application of the rules of construction provided by the Code of Civil Procedure. La.C.C.P. art. 5051 et seq. When we read the clear and unambiguous language of article 43, which provides that the provisions of article 42 are subject to those of article 76, it is evident that article 76 is to be considered part of article 42 when applying the code to concrete cases. La.C.C.P. art. 5052. Consequently the letter of article 43 is not to be disregarded under the pretext of pursuing the spirit or unarticulated principle of the law. Id. Further, the same meaning is derived when article 43's words and phrases are read in their context, and are construed according to common and approved usage. La.C.C.P. art. 5053. Finally, this conclusion is confirmed by the equally applicable requirement that laws on the same subject matter must be interpreted in reference to each other. Civil Code art. 13 (1988).
The defendants argue that venue in Orleans Parish is improper as to the foreign liability insurers because the direct action statute provides that an "action may be brought against the insurer alone, or against both the insured and insurer jointly and in solido, in the parish in which the accident or injury occurred or in the parish in which an action could be brought against either the insured or the insurer under the general rules of venue prescribed by art. 42, Code of Civil Procedure." La.R.S. 22:655. Defendants further rely on the plurality opinion subscribed to by three members of this court in Meyers v. Smith, 419 So.2d 449 (La.1982) to the effect that the direct action statute by its references to article 42 does not incorporate the other articles made part of it by article 43 because "[n]o mention is made of the exceptions to those rules provided by article 43, although the legislature could have easily incorporated those exceptions had it desired to do so." Meyers v. Smith, 419 So.2d at 451.
First, we disagree with the defendants and the plurality interpretation in Meyers for the reasons previously stated; in sum because article 42 is "subject to" article 76 and other supplementary provisions, these laws must be considered together under proper codal methodology. Defendants' construction ignores the plain wording of article 43, fails to view it as part of the total procedural system and ultimately may prove to be detrimental to the Code and a precedent for arbitrary and rigid construction. In the absence of a contrary expression, when the Legislature adopts the general venue rules in an extraneous act, it should be presumed that it did so with respect for the codal system and with the intention to adopt the codal scheme.[*] La. Civil Code art. 13 (1988); Shreveport v. Urban Land Co., 177 La. 357, 148 So. 256 (1933); Thibaut v. Board of Commissioners, 153 La. 501, 96 So. 47 (1923); Adams v. Day, 14 La. 503 (1840). Second, Meyers is inconclusive and also distinguishable in *847 that it considered, without deciding, whether a reference to the Code of Civil Procedure article 42 contained in an extraneous act, the direct action statute, was intended as an incorporation of the other articles that article 42 is subject to in the venue chapter. In the instant case we conclude that because article 42 is made subject to article 76 by article 43 according to the original design of the redactors, article 42 necessarily incorporates article 76's provisions.
Defendants attempt to buttress their arguments with the theory that a defendant has an inherent or natural right to be sued at his domicile that can override the clear wording of the Code of Civil Procedure or at least powerfully influence its construction and application. We reject this notion. It is true that personal jurisdiction has traditionally been based on the defendant's domicile in civilian systems, whereas the defendant's presence has been the key to personal jurisdiction in common law countries. De Vries & Lowenfeld, Jurisdiction in Personal ActionsA Comparison of Civil Law Views, 44 Iowa L.Rev. 306 (1959). However, the compilers of the 1824 Code of Practice were familiar with both systems as well as Roman law. Dart, The Place of the Civil Law in Louisiana, 4 Tul. L.Rev. 163, 171 (1930). Although the venue provisions of the Code of Practice used civil law terminology, the Code did not adopt wholesale the French system of procedure. Comment, Contract Action Venue In Louisiana: Time For A Change? 25 Loyola Law Review, 367, 372 (1979). There were numerous statutory exceptions to the general rule that "one must be sued before his own judge." La.Code Prac. art. 162, 163-165 (1870). With the enactment of the 1960 Code of Civil Procedure and subsequent developments the number of exceptions has increased. See La.C.C.P. art. 71-85, 2633 and 3652.
The proliferation of exceptions mirrors the newly emerging bases of modern venue statutes. These provisions are not based on domicile but on factors such as the following: the convenience of both parties; the relationship between the forum and the cause of action; the reduction of litigation through certainty in the laying of venue; the places where the subject of action or part thereof is situated; the place where the cause of action arose; the place where the seat of government is located. See L'Enfant, Louisiana Civil Procedure: Developments in the Law. 1981-1982, 43 La. L.Rev. 491 (1982); Stevens, Venue Statutes: Diagnosis and Proposed Cure, 49 Michigan L.Rev. 307, 331 (1951); Comment, Contract Action Venue In Louisiana: Time For A Change? 25 Loy.L.Rev. 367, 381 (1979); e.g., compare with La.Code of Civil Procedure article 72 (place of property), article 73 (solidary obligation) article 74 (place of tort), article 74.1 (place of child's birth or residence of either parent at the time of birth), article 75 (court where the bond was filed), article 77 (place of business office), article 81 (court where succession is pending), article 82 (place where the community was dissolved or where immovable property is located). With the advent of these important modern venue grounds, the rationale that the defendant has an inherent or natural right to be sued at his domicile, in the absence of or in addition to postive law, is anachronistic. Furthermore, the notion has been largely discarded in the analogous area of jurisdiction over the defendant; witness the development of long arm statutes since International Shoe Co. v. Washington, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945). See Superior Supply Co. v. Associated Pipe and Supply Co., 515 So.2d 790 (La.1987); First Guar. Bank of Hammond v. Attorneys Liability Assurance Society, Ltd., 515 So. 2d 1080 (La.1987). In light of the fact that this change has occurred within an area protected by the due process clause of the fourteenth amendment, it seems anomalous that the rules of venue should continue to provide greater protection for the defendant, since there is no constitutionally protected right to be tried in one forum rather than another equally competent one. Comment, Contract Action Venue in Louisiana: Time For A Change? 25 Loy.L.Rev. 367, 381 (1979); see, e.g., Bain Peanut Co. v. Pinson, 282 U.S. 499, 501, 51 S.Ct. 228, 75 L.Ed. 482 (1931); Cincinnati S.R. Co. v. *848 Snell, 193 U.S. 30, 37, 24 S.Ct. 319, 48 L.Ed. 604 (1904).
In denying plaintiff's writ application the court of appeal stated that La.C.C. P. art. 76, which provides that an action on an insurance policy may be brought in the parish where the insured is domiciled, does not apply in a tort case. However, as long as the action is on any insurance policy, there is nothing in article 76 or the Code that would bar the article's operation. An action by an insured based on his own uninsured motorist policy is clearly such an action. Contrary to defendant's argument, an action on one's own uninsured motorist policy cannot be compared to that arising under the direct action statute which gives the victim of tortious conduct of an insured the right to proceed directly against the insurer of the tortfeasor. Booth v. Fireman's Fund Ins. Co., 253 La. 521, 218 So.2d 580 (La.1968). 8 C. Appleman, Insurance Law and Practice, § 5071 (1981).
For the reasons assigned, the judgment of the trial court sustaining the exception of improper venue is reversed and the exception is overruled.
REVERSED.
LEMMON, J., joins in the opinion and assigns additional reasons.
COLE, J., dissents for reasons assigned.
MARCUS, J., dissents and assigns reasons.
COLE, Justice, dissenting.
I respectfully dissent.
Briefly, the majority opinion ignores the fact that the provisions of articles 71 through 77 are exceptions, and treats these provisions as if they were the general rules of venue. Regardless of the "emerging bases of modern venue statutes" referred to, the legislature obviously did not intend this treatment considering its choice to classify these rules as exceptions separate and apart from the general rules delineated by article 42. As exceptions, they should be strictly construed. Hawthorne Oil & Gas Corp. v. Continental Oil, 377 So.2d 285 (La.1979).
The majority's bootstrapping of articles 73 and 76 to the general rules of venue contained in article 42 is improper. Although the plaintiff is authorized under article 76 to sue upon her insurance policy in the parish of her domicile, article 73 specifically limits venue to parishes proper under article 42, not article 42 and any venue proper under an exception such as article 76. In this case, under article 42 venue is proper for the other driver and his employer in Jefferson Parish, and for the foreign insurance companies in East Baton Rouge Parish, not Orleans Parish. The language is clear and unambiguous and should not be disregarded in pursuit of the spirit of this "emerging" theory of venue not yet authorized by our legislature. Article 5052.
Contrary to the implication of the majority that this result is authorized by viewing the entirety of the procedural system enacted, this result is made possible only by our decision in 1982 in Hoefly v. Government Employees Insurance Co., supra, which held the plaintiff's uninsured motorist carrier liable in solido with the tort-feasor/defendant. That issue was res nova and it is unlikely the legislature had this result in mind decades earlier when it revised the Code of Practice and enacted the present statutory scheme.
I also find the majority too quickly dismisses the defendants' argument concerning the traditional right of the defendant to be sued in his own domicile. This concept is far from anachronistic. Indeed, it is the first rule of venue enunciated by the legislature after the revision of the Code of Practice. Article 42(1). The presence of exceptions to this rule does not weaken this choice of the legislature. These exceptions are clearly stated and are soundly based in reasons of public policy and convenience.
After reviewing the factors listed in support of this "emerging" venue theory manifested allegedly by these exceptions, I find these factors weigh heavily in favor of venue in Jefferson Parish. As for the convenience of the parties, only the plaintiff is *849 likely to be convenienced by venue in Orleans Parish. The other driver and his employer have no apparent connection with Orleans. I would also add any non-party witnesses without interest in the litigation, such as the police officers called to the scene or passers-by who saw the accident, will likely suffer the greatest inconvenience. Other than the domicile of the plaintiff, there is no relationship between Orleans Parish and the accident. Far from reducing litigation through certainty in establishing venue, I believe the decision will increase venue litigation as it is applied to the other exceptions contained in articles 71 through 85, and the other venue provisions scattered throughout the various statutes. Lastly, the remaining applicable factors listed favor venue solely in Jefferson Parish since the accident occurred there. This jurisdictional type analysis clearly favors venue in Jefferson Parish. Even if it did not, the mere fact jurisdiction is constitutionally based or provides less protection to defendants than venue does not imply that the legislature has not chosen to allow this procedural protection to remain in their favor in tort actions. Jurisdiction and venue are not concurrent.
At oral argument, plaintiff suggested some theory of ancillary venue should be applied to confer venue here. Although the majority did not address this theory, I would decline to do so in this case. The principal action here is the tort claim against the other driver and his liability insurer. The contract action against plaintiff's insurer is ancillary. There is no real venue conflict between the tort and contract actions since venue is clearly proper as to both in Jefferson Parish.
I suggest this is a far-reaching decision. The majority has strained the interpretation of these statutes needlessly. The plaintiff's attorney admitted in oral argument the reason he filed suit in Orleans Parish was because he obtains "better" judgments there. This is forum shopping certainly unintended by the legislature. Considering the fact that the plaintiff's under insurance carrier has not contested this transfer suggests it has no real exposure due to the ability of the other defendants to respond to plaintiff's damages and realizes it is in this lawsuit only to serve as a venue vehicle for plaintiff.
The consideration of convenience or inconvenience to the parties and witnesses in this particular case is not of great magnititude. This is so because Jefferson and Orleans are neighboring parishes. This opinion, however, permits a forum to be chosen far removed from the locale of the witnesses, the defendants or the tort scene. Unfortunately, the district courts will be unable to resolve difficulties of this nature because our forum non conveniens provision, article 123, does not allow a transfer of venue when the plaintiff files suit in the parish of his domicile.
MARCUS, Justice (dissenting).
I agree with the majority's statement that Orleans Parish is not the proper venue for plaintiff's suit against any of the defendants under art. 42 of the Louisiana Code of Civil Procedure. I also agree that Orleans Parish would be a proper venue under art. 76 if plaintiff was suing only her uninsured motorist carrier. I disagree, however, with the majority's holding that art. 73 can be used to make Orleans Parish the proper venue for plaintiff's suit against the remaining defendants. La.Code Civ.P. art. 73 provides in pertinent part:
An action against joint or solidary obligors may be brought in any parish of proper venue, under article 42, as to any obligor who is made a defendant. [Emphasis added.]
The above article authorizes an action in any parish where venue would be proper for any obligor under article 42. Orleans Parish is not a proper venue for any obligor under article 42. The language of article 73 does not say article 42 "subject to" the exceptions provided in articles 71 through 85. Nor does article 73 make any reference to article 43. I consider the majority's interpretation that includes these exceptions contrary to the clear and unambiguous language of the article 73. Accordingly, I respectfully dissent.
LEMMON, Justice, joins in the Opinion and assigns additional reasons.
The problem at the heart of this case is that plaintiff has cumulated two actions *850 against plural defendants. La.C.C.P. art. 462 and 463, pertaining to cumulation of two or more actions and joinder of two or more parties as defendants, requires that venue be proper for each of the actions.[1] The court's opinion correctly concludes that venue is proper as to each defendant.
Even if venue were proper only as to one defendant under Article 42 and the exceptions to which Article 42 is subject, the exception of improper venue could possibly be overruled on the basis of ancillary venue. Although a number of intermediate courts have applied the concept of ancillary venue (mostly in cases involving cumulated claims against a single defendant), this court has never spoken on the concept of ancillary venue.[2] However, it is not necessary to do so in this case.
NOTES
[*] See also, the remarks of Judge Tate in critiquing the opinion in Lavergne v. Tennessee Farmers Mut. Ins. Co., 208 So.2d 561 (La.App. 3rd Cir. 1968):

If the result is correct, the language is subject to objection for implying that direct action suits may never be brought at other than these venues authorized by the direct action statute. If the direct action suit against the insurer is properly cummulated with an action against a joint or solidary obligor, it may also be brought in any parish of proper venue under Article 42 as to any other solidary obligorfor example, had a joint tortfeasor domiciled in Vermilion been joined as codefendant, the venue would be proper in that parish (proper as a venue against the latter, Article 42), even though it is not one of the venues authorized by the direct-action statute for suits against the insurer alone.
Tate, Civil Procedure: Work of Appellate Courts 1967-1968, 29 La.L.Rev. 269, 274-276 (1969).
[1] Here, there was no exception to the improper cumulation of actions.
[2] The court in Smith v. Baton Rouge Bank & Trust Co., 286 So.2d 394 (La.App. 4th Cir.1973), fashioned a rule of ancillary venue which provides that when venue is proper as to one claim, the disposition of which will necessarily affect a related second claim as to which venue might otherwise be improper, efficient judicial administration dictates that the court decide both claims in the same action. See also Intl. Stevedores, Inc. v. Hanlon, 499 So.2d 1183 (La.App. 5th Cir.1986), cert. denied, 501 So.2d 230 (La. 1987); Albritton v. McDonald, 363 So.2d 925 (La.App. 2nd Cir.1978), cert. denied, 366 So.2d 561 (La.1979); Edmond v. Webre, 413 So.2d 306 (La.App. 3rd Cir.1982); Thibodeaux v. Hood Enterprises, Inc., 415 So.2d 530 (La.App. 1st Cir. 1982); Reeves v. Dixie Brick; 403 So.2d 792 (La.App. 2nd Cir.1981); Klumpp v. Colonial Pipeline Co., 389 So.2d 457 (La.App. 3rd Cir. 1980), cert. denied, 451 U.S. 910, 101 S.Ct. 1981, 68 L.Ed.2d 299; Fusilier v. Estate of Pescher, 412 So.2d 172 (La.App. 3rd Cir.1982); Tucker v. Tucker, 378 So.2d 498 (La.App. 4th Cir.1979). Otherwise, the two claims, based on virtually identical evidence, would require two separate trials in different parishes, with the attendant waste of judicial time and litigants' resources, and the possibility of inconsistent results.