562 So.2d 458 (1990)
Michael E. BOECK, et al.
v.
PERFORMANCE TOYOTA OF LOUISIANA, INC., et al.
No. 90-CA-16.
Court of Appeal of Louisiana, Fifth Circuit.
May 16, 1990.
*459 Shows, Cohn & Cali, William A. Morvant, Ray M. Caraway, Baton Rouge, for Performance Toyota of Louisiana, Inc., defendants-appellants.
Simon, Peragine, Smith & Redfearn, Lloyd N. Shields, Alfred R. Gould, Jr., New Orleans, for Michael E. Boeck and Katie S. Boeck plaintiffs-appellees.
Before CHEHARDY, DUFRESNE and WICKER, JJ.
CHEHARDY, Chief Judge.
Defendant Performance Toyota of Louisiana, Inc. (Performance), appeals a judgment denying its declinatory exception of improper venue in an automobile redhibition suit. Plaintiffs in the case are Michael E. Boeck and his wife, Kathie S. Boeck.
The issue on appeal is whether LSA-C. C.P. art. 73 may be used in conjunction with the Louisiana Long Arm Statute, LSA-R.S. 13:3203, to properly establish venue in Jefferson Parish as to defendant, an East Baton Rouge Parish car dealership.
On July 21, 1989 plaintiffs filed this action in Jefferson Parish against Performance and Saab-Scania of America, Inc. (Saab), for alleged redhibitory defects in a 1988 Saab 900-SPG automobile. Performance sold the vehicle to plaintiffs at its dealership located in East Baton Rouge Parish and Saab is the alleged manufacturer and/or distributor of the vehicle.
Service was made on Performance through its agent of process in East Baton Rouge Parish based on plaintiffs' allegation that it is a Texas corporation authorized to do business in Louisiana with its principal place of business in East Baton Rouge. Service on Saab was accomplished through the Louisiana Long Arm Statute.
Defendant Performance filed a declinatory exception of improper venue claiming East Baton Rouge Parish as the proper venue under LSA-C.C.P. art. 42. Plaintiffs responded by contending venue was proper in Jefferson Parish by way of Performance's solidary and/or joint liability with Saab, citing LSA-C.C.P. arts. 43 and 73 and Kellis v. Farber, 523 So.2d 843 (La. 1988).
A hearing on the venue question was held September 6, 1989. After argument, the trial judge took the issue under advisement and on September 15, 1989 a judgment was rendered denying the exception.
Defendant asserts it is a domestic corporation and under C.C.P. art. 42(2) entitled to be sued in East Baton Rouge Parish where its registered office is located. It also contends that even if it is a foreign corporation licensed to do business in the state, as alleged in plaintiffs' petition, East Baton Rouge is the proper venue under C.C.P. art. 42(4) because its principal business establishment is located there.
Plaintiffs argue venue is proper in Jefferson because Performance is a solidary or joint obligor with Saab who was properly sued under LSA-R.S. 13:3203, the long arm statute, in the parish of plaintiffs' domicile. Under Kellis, plaintiffs assert, venue Article 73 relating to solidary/joint obligors can be used in conjunction with R.S. 13:3203, because Article 43 states the general rules of venue set forth in Article 42 are "subject to the exceptions provided in Articles 71 through 85 and otherwise provided by law."
Article 73 is one of the exceptions referred to by Article 42 and it provides for venue in respect to solidary and/or joint obligors. Since Saab is an alleged solidary or joint obligor with Performance and venue as to Saab is properly in Jefferson Parish, under an exception "otherwise provided by law" (the long arm statute), plaintiffs conclude Jefferson Parish is likewise a proper venue for Performance.
Under the general rules of venue found in Article 42, East Baton Rouge would be the proper venue for suit against Performance as it is the location of both Performance's principal business establishment and its registered office. However, C.C.P. art. 43 makes Article 42 "subject to" the exceptions *460 to the general rules of venue found in Articles 71 through 85 and otherwise provided by law.
The Article 73 exception, at the time this suit was instituted, provided an action against joint or solidary obligors could be brought in "any parish of proper venue, under Article 42, as to any obligor who is made a defendant." This meant that if venue to one defendant was proper under any of the venue provisions of Article 42, then that venue was also proper as to all the other defendants if there was a solidary or joint obligation between them. The article was amended in 1989 apparently in response to the interpretation of the venue articles by the Louisiana Supreme Court in the Kellis case, cited by plaintiffs. As a result, the new article, made effective September 3, 1989, now provides the action against solidary or joint obligors
"may be brought in a parish of proper venue, under Article 42 only * * * provided that an action for the recovery of damages for an offense or quasi-offense * * * may be brought in the parish where the plaintiff is domiciled if the parish of plaintiff's domicile would be a parish of proper venue against any defendant under either Article 76 or R.S. 13:3203." Emphasis added.
(Article 76 involves the action on an insurance policy and R.S. 13:3203 is the long arm statute.)
In Kellis, the court found Orleans Parish was a proper venue for all defendants in an automobile case even though the tortfeasor and his employer were Jefferson Parish domiciliaries, the employer's insurer was a foreign insurer and plaintiff's uninsured motorist carrier was a foreign insurer. In making its determination, the court analyzed the relationship between Article 42, the general venue article; Article 43, which subjects Article 42 to the exceptions; and Article 73 related to solidary liability.
The Kellis majority concluded plaintiff could sue her foreign insurer in the parish of her domicile because the general venue provision for a foreign insurer was subject to Article 76, which specificaly allows an insured to sue the insurer in the insured's domicile. This was based on the language of Article 43. It further concluded the "subject to" provision of Article 43 allowed the other defendants to be sued in the plaintiff's domicile since they were solidary obligors. Even though the solidary/joint obligor venue article (Article 73) specifically limited venue to venue provided in the general venue article (Article 42), the court nevertheless held Orleans Parish to be the proper venue of the non-domiciliary parties because the exceptions were an "extension, supplement and legal part of the provisions of Article 42" by way of Article 43.
In amending Article 73, the legislature apparently intended to limit to some extent the application of Kellis. However, it is notable that the new article somewhat codifies Kellis, as well as expands the previous provision, because it allows a plaintiff to sue solidary or joint obligors for damages in his or her domicile when the action involves an offense or quasi-offense and when one of those defendants falls within the provisions of either Article 76 (the insured/insurers venue which was at issue in Kellis) or the long arm statute (R.S. 13:3203), as here. However, the amended statute does not govern our facts because plaintiffs' suit was filed in July 1989, two months prior to the amendment's effective date. See: LSA-Const. Art. 3, § 19. Thus, the statutory law must be applied to this case in light of the interpretations made by the Louisiana Supreme Court in Kellis, the dispositive statement of the law on this issue when plaintiffs filed suit.
In this instance, plaintiffs sued Saab, a foreign corporation, and obtained jurisdiction through the long arm statute. They also sued Performance, an East Baton Rouge Parish domiciliary. The only difference between Kellis and our facts is the article providing the basis for venue in Kellis was Article 76, involving insurers, whereas here the long arm statute is involved.
While conceding Kellis may apply herein, defendant argues that the difference between the two cases is significant and precludes the same result. In this regard it contends R.S. 13:3203 is not an "exception" to Article 42 venue under Article 43, but is a separate, independent venue provision. *461 It bases its conclusion on the language of R.S. 13:3203 and the comments following it. Both, it states, indicate venue under R.S. 13:3203 contemplates situations not envisioned by Article 42 and vice versa and that Article 42 is an exception to venue under the long arm statute, not the other way around.
R.S. 13:3203 provides as follows:
"A suit on a cause of action described in R.S. 13:3201 may be instituted in the parish where the plaintiff is domiciled, or in any parish of proper venue under any provision of the Louisiana Code of Civil Procedure other than Article 42." (Emphasis added.)
While we agree this language precludes a party from obtaining venue based on the Article 42 general venue provisions, we do not agree this article is not, under Article 43, a case "otherwise provided by law." We find to the contrary: that R.S. 13:3203 falls within the "subject to" provision of Article 43. Based on the Kellis decision, then, we conclude the trial judge did not err in finding Jefferson Parish to be the proper venue in this action since Article 73 can be used in conjunction with R.S. 13:3203, by virtue of Article 43, to establish venue in the plaintiffs' domicile.
Accordingly, the judgment of the trial court is hereby affirmed. Appellant is to pay all costs of this appeal.
AFFIRMED.