JaGOTHARD, Judge.
Plaintiff, Nicholas Michael Schiro, filed this appeal from a trial court judgment sustaining defendant’s exception of improper venue and transferring the action to the Twenty-Fourth Judicial District.
Mr. Schiro, who was employed as a pharmacist at the Kenner Regional Medical Center Pharmacy in Jefferson Parish, was injured in the course and scope of his employment on October 17, 1995. Mr. Schiro reported the accident to his supervisor and informed his employer that he would pursue Worker’s Compensation Benefits. Shortly thereafter, on October 31, 1995, his employment was terminated. Mr. Schiro filed an action for wrongful termination and damages in his home parish of St. John the Baptist. Defendant corporation, which is domiciled in Jefferson Parish, filed an exception of improper venue. After a hearing on the merits | conducted on March 6, . 1997 in the Fortieth Judicial District for the Parish of St. John the Baptist, the trial court took the matter under advisement. Subsequently, the trial court rendered judgment sustaining the exception and transferring the matter to the Twenty-Fourth Judicial District for the Parish of Jefferson. Plaintiff appeals that ruling.
In defense of his position that venue is proper in St. John the Baptist Parish, plaintiff makes a two-fold argument. He asserts that the action for wrongful termination arises out of the Louisiana Worker’s Compensation Law and is not a true delictual action which is governed by the Civil Code Articles regarding venue. He also argues that the venue articles should not be strictly construed to “force venue out of the worker’s compensation statute into the general tort statutes for any venue”.
Defendant argues this action is a delictual action against a domestic corporation and must be brought in the parish in which that corporation maintains its principal place of business.
The cause of action alleged in the petition is based on La. R.S. 23:1361, which is contained in the Labor and Worker’s Compensation Title of the Louisiana Revised Statutes and provides in pertinent part as follows:
(B) No person shall discharge an employee from- employment because of said employee having asserted a claim for benefits under the provisions of this Chapter or under the law of any state or of the United States.
*782 (C) Any person who has been denied employment or discharged from employment in violation of the provisions of this Section shall be entitled to recover from the employer or prospective employer who has violated the provisions of this Section a civil penalty which shall be the equivalent of the amount the employee would have earned but for the discrimination based upon the starting |4salary of the position sought or the earnings of the employee at the time of the discharge, as the case may be, but not more than one year’s earning, together with a reasonable attorney’s fee.
The relevant rules of venue are contained in La.C.C.P. arts 42(2), 43, and 74. Article 42(2) provides that; “(t)he general rules of venue are that an action against:.a domestic corporation, or a domestic insurer, shall be brought in the parish where its registered office is located.” Article 43 provides; “(t)he general rules of venue provided in Article 42 are subject to the exceptions provided in Articles 71 through 85 and otherwise provided by law”. Article 74 provides; “(a)n action for the recovery of damages for an offense or quasi offense may be brought in the parish where the wrongful conduct occurred, or in the parish where the damages were sustained”.
The record shows that the plaintiff is a domiciliary of St. John the Baptist Parish. The domicile, and only place of business of the defendant corporation, and the situs of the accident is Jefferson Parish. Suit was filed in St. John the Baptist Parish.
Although the cause of action originates with a statute in Title 23, which contains the Worker’s Compensation Law; it is clear that the Office of Worker’s Compensation hearing officer has no jurisdiction in this matter. A discriminatory discharge action is not a worker’s compensation matter nor a claim for worker’s compensation benefits and ancillary penalties, but is a ¿delictual employment law matter, and jurisdiction is vested in the district court, not in the Office of Worker’s Compensation. Trombatore v. Saia Motor Freight Line, 627 So.2d 1387, 1389 (La.App. 5 Cir.1993), writ den. 94-120, 94-125 (La.3/11/94), 634 So.2d 393. Therefore, a suit for retaliatory discharge is properly filed in civil district court. Sampson v. Wendy’s Management, Inc. 593 So.2d 336 (La.1992); Maquar v. Transit Management of Southeast Louisiana, Inc., 593 So.2d 365 (La.1992). Consequently, we find plaintiffs action is del-ictual in nature and properly brought in district court.
In defense of his second argument, plaintiff maintains the trial court erred in ruling that he must bring himself clearly within one of the exceptions to the general rules of venue in order to prevail. In support of his argument, plaintiff cites Kellis v. Farber, 523 So.2d 843 (La.1988) for the proposition that exceptions to the general rule of venue, such as that which requires that a corporation must be sued in the parish where its principal business establishment is located, are no longer considered exceptions and should not be strictly construed.[1] He further argues that, because this matter arose from a worker’s compensation claim, the venue articles should be liberally construed to keep the action for wrongful discharge in the same parish with the worker’s compensation claim.
In explaining its intent in Kellis the Supreme Court recently stated:
Kellis held that the alternative, optional venue provisions contained in La.Code Civ. Pro. articles 71 through 85 “are an extension, supplement and legal part of the provisions of article 42.” 523 So.2d at 846. As a result, these alternative venue provisions are no longer exceptions to Article 42’s “home base” venue that should be strictly construed, as was formerly required under Hawthorne Oil & Gas Corp. v. Continental Oil, 377 So.2d 285 (La.1979). Rather, these alternative provisions are part and parcel of the general venue rule set forth in Article 42.
Jordon v. Central Louisiana Electric Co., Inc., 95-1270 (La.6/23/95), 656 So.2d 988, 989.
*783 Using Kellis, plaintiff maintains that article 74 is no longer an exception to the general rules of venue which must be strictly construed limiting the plaintiff to the Jefferson Parish venue because it was the situs of the accident, or because it is the principal place of business of the defendant. Rather, plaintiff tries to convince this court that the venue articles can be liberally construed, using the factors in Kellis to allow venue in St. John the Baptist Parish.
We are not convinced by plaintiff’s argument. Proper venue for an delictual action against a domestic corporation is the parish where its registered office is located. C.C.P. article 42(2). It is clear that defendant’s registered office and only location of business is Jefferson Parish. Further, the incidents which gave rise to this action occurred in Jefferson where plaintiff was employed. The fact that a claim for worker’s compensation allegedly is the cause for the wrongful discharge does not mandate a deviation from the general rules of venue. Under the circumstances of this ease, we find venue is proper in Jefferson Parish, and see no error in the trial court judgment sustaining the exception of improper venue for this suit filed in St. Charles Parish. Accordingly, the ruling of the trial court is affirmed.
AFFIRMED.

. Wé note that Kellis v. Farber was overruled by statute in so far as it relates to the direct action statute. See; 1989 amendments to La. R.S. 22:655(B); Rufus Boatwright v. Metropolitan Life, 95-2525, 95-2473 (La.App. 4 Cir. 3/27/96).