| (WALTZER, J.,
dissenting on rehearing.
Because I find the majority opinion overlooks basic principles of Louisiana contract and insurance law, I must respectfully dissent.
Our Civil Code clearly and unequivocally provides that a contract is an agreement by two or more parties whereby obligations are created, modified or extinguished. La. C.C. art. 1906. Contracts produce effects for third parties only when provided by law. La. C.C. art. 1985. Ms. Gavin and USAA are parties to an insurance contract pursuant to which Ms. Gavin is insured. Ms. Verret is not a part to that contract, but seeks to be a third party beneficiary.
Under Louisiana contract law, absent contrary positive law, Ms. Verret has no right to sue either her host’s insurer or Cannon’s insurer, since Ms. Verret is a party to neither insurance contract. In the context of liability and uninsured motorist insurance, the Louisiana Direct Action Statute is such a positive law. La. R.S. 22:655 grants to injured persons, their survivors and heirs of a certain degree the option to have a right of direct action against the insurer within the terms and limits of the policy. This action, according to La.R.S. 22:655(B)(1) may be brought:
1. in the parish in which the accident or injury occurred;
L2. in the parish in which the action could be brought against either the insured or the insurer under the general rules of venue prescribed by Code of Civil Procedure Art. 42 ONLY. (Emphasis added.)
Under the facts of the instant case, appropriate venues under the Direct Action Statute are Jefferson Parish, where the accident occurred, or East Baton Rouge Parish under La.C.C.P. art. 42(7).
Absent the Direct Action Statute, with its own specific venue restrictions, Ms. Verret has no right to sue either of the insurers. Since her right is derivative of and dependent upon the Direct Action Statute, venue is controlled by its quite specific language. Her direct action claim against the insurers simply cannot be brought in Orleans Parish.
La. C.C.P. art. 76 provides that an action on any type of insurance other than life, health or accident may be brought in the parish where the loss occurred or the insured is domiciled. Orleans Parish can be a proper venue pursuant to the provisions of La. C.C.P. art. 76 only if we consider Ms. Verret an “insured” under the policy and if she had a claim independent of her third-party claim under the Direct Action Statute. The reason is fundamental: the Direct Action Statute specifically provides that the proper venue for the claim of a third party such as Ms. *586 Verret is determined ONLY by reference to La.C.C.P. art. 42 — and not pursuant to La.C.C.P. art. 76. The Direct Action Statute was amended in 1996 to add the word, “only” to modify La.C.C.P. art. 42, thus legislatively overruling an earlier Louisiana Supreme Court decision holding that La.C.C.P. art. 42 is subject to all the exceptions contained in La. C.C.P. arts. 71 through 85. Kellis v. Farber, 523 So.2d 843, 845-46 (La.1988). Ms. Verret asks this court to extend the Kellis holding to make her an “insured” under Ms. Gavin’s policy, thus giving her the right to Orleans Parish venue. The legislative intent of the amendment to La.C.C.P. art. 42 is clearly to limit Direct Action Statute venue to the basic venue ^provisions of La.C.C.P. art. 42 and not to extend it to venues provided in other codal articles, including La.C.C.P. art. 76 — thus, the addition of the word, “only.” The legislature having expressed solemnly its will (see, La. C.C. arts, l and 2) in the 1996 amendment to the Direct Action Statute, specifically limiting the effect of Kellis and its progeny, I am compelled to reject any extension of the reasoning in that case. Ms. Verret may be a “covered person” under the USAA policy, but she is not an “insured” for venue purposes.
I am troubled by the majority’s finding that Ms. Verret is both a “covered person” and an “insured” under the policy. The trial court found in his reasons for judgment that plaintiffs did not submit a copy of the USAA policy allegedly providing uninsured motorist coverage. My examination of the record did not reveal a copy of the policy. Absent a definitive copy of the policy, we surmise from the record only that a foreign insurer in the state of Maryland issued a policy of liability insurance to a Maryland insured (not Ms. Ver-ret). I do not believe that on this record this Court can conclude that the policy provided status as an “insured”, as distinguished from “coverage” to a guest passenger such as Ms. Verret either by its own terms, which are not before us, or by application of Maryland law, which is not suggested.
Based on the entirety of the record, I find no error in the judgment of the trial court transferring this case to the 24 th Judicial District Court for the Parish of Jefferson and would affirm the judgment.