JOHNSON, Justice,
concurs in the result:
LI agree with the majority that the defendants’ Exceptions of Improper Venue *186 and Prescription must be denied. Michael T. Green (Green) filed this tort suit in Orleans Parish, the Parish of his domicile, on December 13, 2006, against defendants, Mary Plangger, (Plangger) a nonresident tortfeasor, and her liability insurer, Auto Club Group Insurance Company (Auto Club), a foreign insurance company not authorized to do business in Louisiana. The automobile accident occurred on December 16, 2005 in St. John the Baptist Parish. Green requested service of process on the defendants pursuant to the Long Arm Statute, via certified mail.
It is well established that the filing of suit in a court of competent jurisdiction and proper venue interrupts the prescriptive period. In addition, service of citation must be requested within 90 days of filing suit.
La. C.C.P. art. 1201(C) provides:
Service of the citation shall be requested on all named defendants within 90 days of commencement of the action. When a supplemental or amended petition is filed naming any additional defendant, service of citation must be ^requested within 90 days of its filing.
La. C.C. art. 3463 provides:
An interruption of prescription resulting from the filing of a suit in a competent court and in the proper venue or from service of process within the prescriptive period, continues as long as the suit is pending....
In the instant case, Green filed suit on December 13, 2006, and made a valid request for service on the defendants via the Long Arm Statute, within 90 days of filing suit. Green argued, in the courts below, and in this court, that prescription was interrupted by the filing of suit in a proper venue on December 13, 2006, and the timely request for service. In his application for writ of certiorari to this Court, Green argued:
It is the contention of the plaintiff that the provisions of CCP Art. 42(5) are immaterial since CCP Art. 73 and LA R.S. 13:3203 are exceptions to CCP Art. 42, and unequivocably grant him the right to proceed against all defendants in his parish of domicile.
The majority concludes that “the Direct Action Statute provides the sole procedural right of action against the insurer in this case.” In my view, neither statutory authority, nor jurisprudence, supports the position that the Direct Action Statute is the exclusive procedural vehicle for this plaintiffs action. The Direct Action Statute does allow a direct right of action, by third persons, against a foreign insurer, and is the correct procedural vehicle when the foreign insurer is the sole defendant. The distinction in this case, is that Green sued the tortfeasor and her liability insurer jointly, and served both using the Louisiana Long Arm Statute. Green was legally permitted to sue the tortfeasor and the tortfeasor’s liability insurer as joint and solidary obligors, pursuant to La. C.C.P. art. 73. La. C.C.P. art. 73 was amended in 1989 to provide that an action against solidary or joint obligors:
may be brought in a parish of proper venue, under La. |3C.C.P. art. 42 only ... provided that an action for recovery of damages for an offense or quasi-offense ... may be brought in the parish where the plaintiff is domiciled if the parish of plaintiffs domicile would be a parish of proper venue against any defendant under either La. C.C.P. art. 76 or R.S. 13:3203.
When a petition for damages is filed against a non-resident pursuant to the provisions of La. R.S. 13:3201, venue is controlled by the provisions of La. R.S. 13:3203, which authorizes a suit against a *187 non-resident to be brought in the parish of plaintiffs domicile, or any parish of proper venue. A plaintiff may utilize the provisions in La. C.C.P. art. 73 to file suit against all defendants who are solidary obligors with the non-resident defendant, in the parish of plaintiffs domicile. Boeck v. Performance Toyota of Louisiana, Inc., 562 So.2d 458 (La.App. 5th Cir.1990).