BELSOME, J.,
dissents with reasons.
|! This case is currently set for trial on May 9, 2016. At this late date in the proceedings, OneBeacon in its capacity as the insurer of five of Avondale Industries executive officers has been dismissed from *258 the lawsuit filed in Orleans Parish pursuant to the Direct Action Statute, as amended in 1988 and 1989.[1] The current version of La. R.S. 22;1269(B)(1) provides that proper venue is determined by Code of Civil Procedure Art. 42 only, making the application of venue exceptions inapplicable to the statute.[2]
In the 1988 amendment, the legislature specifically stated that the amendments were “to apply to causes of action accruing on or after that date.” 1988 La. Acts 934, § 2. The legislative intent for the 1988 amendment is clear; it was to be applied prospectively. Thereafter, through the 1989 Acts No. 117, the legislature inserted the word “only’ after “Art. 42”. Prior to that 1989 amendment, La. C.C.P. art. 43, which provides exceptions to the general venue rules, applied to the Direct Action Statute. Kellis v. Farber, 523 So.2d 843 (La.4/11/88) (allowed venue under permissive and mandatory exceptions).
Here, it is undisputed that all alleged exposures in the instant case occurred pri- or to the January 1, 1989 effective date of the 1988 amendment. Further, it is |gwell established that a plaintiffs cause of action in a long-latency occupational disease case accrues when the tortious exposures are significant, such that they will later result in the manifestation of the disease. Austin v. Abney Mills, Inc., 01-1598, pp. 25-26 (La.9/4/02), 824 So.2d 1137, 1154 (citing Cole v. Celotex, 599 So.2d 1058, 1066 (La.1992.)). Accordingly, this case requires the application of the pre-amended version of the Direct Action Statute, which is subject to venue exceptions.[3]
For these reasons, I dissent and would grant the writ and reverse the trial court’s ruling.

. La. R.S. 22:1269.

. La. C.C.P. art. 43 allows for exception to the general venue rules provided in La.C.C.P. art. 42. The specific exceptions are provided in La.C.C.P. arts. 71-85.

.Prior to the 1988 amendment the Direct Action Statute, known as La. R.S. 22:655, provided: